Smith *vs.* Simms.

---

No. 76.—Otis Smith, plaintiff in error, *vs.* John C. Simms, administrator of Thomas C. Brown, defendant.

[1.] A new promise may be inferred from the fact of part payment of a note within the six years; and this deduction is not only in accordance with the older cases, but is consistent, also, with the later and more approved decisions under the Statute.

[2.] In declaring on a promise, it need not be set out *in hæc verba;* it will be sufficient to state it according to its legal tenor and effect.

[3.] Under our Judiciary, *profert in curiam*, is necessary to be made by the plaintiff, of any note or other instrument which is the foundation of the action.

[4.] To make an indorsement on a note by the holder of a payment admis-

sible evidence to rebut the presumption of the Statute, it must be shown that it was done by the privity of the promisor, or that it was entered when its operation would be against the interest of the party making it.

[5.] Upon such proof being given, it is good evidence for the consideration of the Jury.

[6.] If, however, the credit is small, compared with the amount of the debt, and entered just before the bar of the Statute would attach, although proven to have been made at its date, still the Jury would be justified in finding against it.

[7.] After issue has been joined on the merits, it is too late to demur to the declaration, for want of profert of letters of administration.

[8.] Where a party confesses judgment against himself, under a mistake of fact as to what the pleadings contain, he may, upon discovering his error, retract the confession, provided it has not been recorded.

Assumpsit, in Troup Superior Court. Tried before Judge HILL, November Term, 1850.

An action of assumpsit was instituted by John C. Simms, as administrator of Thomas C. Brown, against Otis Smith, the plaintiff in error, on a promissory note made by Smith, and payable to Brown, for $644 72, due the 17th day of January, 1843. On the note there was a credit of $140, entered 1st day of January, 1845. The action was brought to the May Term, 1850, of Troup Superior Court, the process of the Clerk bearing date the ——— day of ——— 1850. The declaration, after setting out the note in the usual manner, alleged that, "In consideration thereof, afterwards, and in the lifetime of the said Thomas C. Brown, to wit: on the first day of January, 1845, the defendant undertook and faithfully promised to pay the said Thomas C. Brown, then in life, the sum of money in said note specified, according to the tenor and effect thereof."

The defendant pleaded the general issue, and the Statute of Limitations.

On the trial, the plaintiff offered in evidence the "entry of credit" on the back of the note, in order to take the note out of the Statute of Limitations.

Counsel for defendant objected, on the grounds—

Smith *vs.* Simms.

1st. Because the declaration contained no allegation or count under which the evidence was admissible.

2d. Because the payment was not proved.

The Court overruled the first ground, and defendant excepted.

The plaintiff then proved the entry on the back of the note to be in the handwriting of Brown, the payee, and that Brown died in 1847. The Court admitted the credit in evidence, and counsel for defendant excepted.

The plaintiff having closed, counsel for defendant moved the Court for a non-suit, on the grounds—

1st. Because the *new* promise alleged was not established by *proof* of part payment.

2d. Because *part payment* was not proved—no privity of the obligor being shown.

3d. Because there was no profert of letters of administration in the declaration, and the plaintiff was not shown to be the administrator of Brown.

The Court overruled the two first grounds, and counsel for plaintiff admitting there was no profert of letters of administration in the declaration, the Court sustained the third ground; whereupon the counsel for plaintiff confessed a judgment for costs, reserving the right of appeal. Afterwards, and on the same day of the Court, and before the confession was recorded, the counsel for plaintiff informed the Court that there was a " profert" in an unusual part of the declaration, and moved the Court to revoke the confession of judgment. Counsel for defendant objected. The Court sustained the motion, and counsel for defendant excepted, and upon these several exceptions assigned error.

B. J. HILL, for plaintiff in error.

STEPHENS, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

John C. Simms, as administrator of Thomas C. Brown, de-

ceased, brought an action of assumpsit against Otis Smith, upon the following note :

" $644 72.

" One day after date, I promise to pay T. C. Brown or bearer,. six hundred and forty-four 72-100 dollars, value received.   January 17th, 1843.

[Signed,]                     OTIS SMITH."

On the back of the note was indorsed this credit—

" Received one hundred and forty dollars.   January 1st, 1845."

The defendant pleaded *non assumpsit,* and *actio non accrevit infra sex annos.*

On the trial, the plaintiff tendered in evidence the original note, with the credit.   Defendant's counsel objected to the reading of the credit—

1st. Because it should have been declared on specially, if the plaintiff relied on it to take the note out of the Statute, it being barred on its face.

2d. Because the credit was not shown to have been indorsed on the note, by the privity of the maker.

The Court overruled the *first* objection and sustained the *second.*   Was the Court right in overruling the first objection ?

[1.] Ever since the case of *Whitcomb vs. Whiting,* (2 *Doug. Rep.* 652,) it has been held, that an acknowledgment or new promise may be inferred from the fact of part payment of a contract within six years; and this deduction is not only in accordance with the older cases, but also consistent with the later and more approved decisions under the Statute.  *Perley vs. Little,* 3 *Greenl.* 97.   *Porter vs. Hill,* 4 *Greenl.* 41.   *Bangs vs. Hall,* 2 *Pick.* 374.. *Whitney vs. Bigelow,* 4 *Pick.* 110.

[2.] This Court has never ruled that where the promise is made before the bar of the Statute attached, that it was necessary to declare on it, as the true course of action ; but if such

was the law, we are inclined to think, that the averment in the writ, that the defendant "In the lifetime of the payee, to wit: on the first day of January, 1845, (the date of the credit,) undertook and promised to pay Brown, who was then in life, the sum of money specified in the note, according to its tenor and effect," was sufficient.

It is not necessary to spread out upon the record, the evidence upon which the party relies for a recovery; but the legal effect only of the contract sued on need be stated, and this is substantially done. I will not say that it would not be better, in all cases, to describe the payments, as well as the original indebtedness.

[3.] Under our Judiciary, *profert in curiam* is necessary to be made by the plaintiff, of any note or other instrument which is the foundation of the action, and *oyer* is demandable, of right, by the defendant, and thus he can learn the truth of the transaction so far as the paper is concerned.

[4.] To meet the decision of the Court withholding the note from the Jury, because the indorsement was not proven to have been made with the privity of the debtor, plaintiff introduced William Dougherty, Esq: who testified, that he had often seen Thomas C. Brown, the plaintiff's intestate, write, and he believed the entry of payment on the back of the note to be in his hand. It was admitted that Brown died in 1847; whereupon the paper, with the credit, was admitted in evidence to the Jury. To which defendant's counsel excepted.

The admission of indorsements on notes and bonds, in the handwriting of the obligee or payee, as evidence to rebut the Statute of Limitations, arising from lapse of time, is founded on the supposition that no person will make a false statement against his own interest. But it must be *first* shown that the statement *is against his interest*, or else the foundation of the rule is wanting. Without evidence of its being against his interest, or, in other words, without evidence that the indorsement was actually made before the Statute of Limitations attached, it amounts to nothing more than a party's own testimony in his own cause, and that without the solemnity of an oath. Any one would be willing to

sacrifice a part of his demand to save the balance. Better to throw away a portion than lose the whole.

[5.] The correct rule, therefore, is laid down by the Supreme Court of New York, in *Roseboom vs. Billington*, (17 *Johns. Rep.* 182,) in which it was held, that an indorsement upon a note or bond, made by the payee or obligee, without the privity of the debtor, cannot be admitted as evidence of payment in favor of the party making the indorsement, unless it appears that it was made at a time when its operation would be against the interest of the party making it; and that when such proof is given, it is proper for the consideration of the Jury.

Here it is proven by the testimony of Mr. Dougherty, that the credit is in the handwriting of Brown, the payee—the sum bears a considerable proportion to the amount of the debt—and it is admitted, that Brown died two years before the Statute attached, according to the *face* of the note. It may be well said, that proof of this description is a kind of moral evidence, in regard to which no reasonable doubt can be entertained.

*Coffin vs. Bucknam*, (3 *Fairf. Me. Rep.* 471,) was a case precisely similar in all its features to the one before us. It was an action by an administrator on a promissory note, commenced more than six years after the note fell due, with an indorsement in the handwriting of the intestate, of a payment, purporting to have been made more than two years before the Statute of Limitations would attach, and six months prior to his death. It was held, that the Jury might regard this indorsement as the evidence of a new promise, though there was no other proof other than as above, of the time when said indorsement was actually made.

*Weston*, C. J. in delivering the opinion of the Court said, "The indorsement on the note in question was made by the plaintiff's testator. Is there competent proof that it was upon a payment by the defendant? The indorsement must have been made before the six years had expired. At the time of the indorsment, the deceased was under no temptation to make it for the sake of evidence, as the Statute would not have attached for more than two years. The indorsement, then, was clearly against his interest—furnishing proof that he had received part of the con-

tents of the note.   This never would have been done, if the sum indorsed had not been paid; and it could have been paid only by the defendant, or by some one authorized by him.   These are inferences justified by common experience, and they are of a character to satisfy the mind."

[6.] I would merely add upon this head, that it is not every indorsement of this kind that would constrain a Jury to return a verdict for the plaintiff.   If the credit was small in comparison with the debt due, and entered just before the bar of the Statute would attach, although proven to have been made within the six years, still the Jury would be justified in finding for the defendant.

The plaintiff having closed his case, defendant's counsel moved for a non-suit on all the grounds hereinbefore noticed, and because there was no profert of letters of administration, and plaintiff was not shown to be the legal representative of Brown.

The Court again overruled all but the last ground, and sustained that; and, thereupon, the plaintiff's counsel confessed judgment for costs, with liberty of appeal, which confession was allowed by the Court, written out and signed; but on the same day, and before the confession was recorded, or the papers delivered to the Clerk, the plaintiff's counsel informed the Court, that he had found the profert of letters in an unusual part of the declaration, and moved to retract his confession, made under a mistake of fact by all parties, which the Court permitted him to do, and the cause was submitted to the Jury.   To which ruling counsel for the defendant excepted.

[7.] The objection for want of profert of letters of administration, came too late at the trial term, and after issue had been joined six months previously on pleas to the merit of the action. 1 *Chitty's Pl.* 453.   *Champlin vs. Tilley and Tilley*, 3 *Day's Rep.* 305.

[8.] But be that as it may, we know of no rule of law which was violated by the permission granted by the Court to recall the confession, and re-instate the case on the trial docket.   The mistake under which the confession was made, having been discovered before the papers were delivered to the Clerk, or the

confession recorded on the minutes of the Court. If the adverse party had dismissed his witnesses, or was otherwise surprised, he would have been allowed, no doubt, a continuance; but this he did not ask.

Approving, as we do, the ruling and decision of the Judge, for the reasons we have assigned, the judgment below is affirmed.