Battle, J.
 

 When this case was before us at December Term, 1857, (see 5 Jones’ Rep. 162,) it was submitted without any argument on the part of the plaintiff. Had our attention been called at that time to the authorities which the learning and industry of his counsel have now been able to produce, our decision would have been then, as it is now, in his favor.
 

 The general rule of evidence undoubtedly is, as we, on the former occasion, stated it to be, that a party cannot offer, as testimony in his own favor, his acts or declarations, unless they form part of something done, which it is competent for him to prove. We then thought that it was no exception to the rule, that the acts or declarations were done, or made at a time when they were against the interest of the party doing or making them. In this, we find that we were mistaken, and we are glad that wo are able to avail ourselves of this early opportunity for correcting the mistake. An instance of this exception, to which we allude is, that the endorsement by the obligee of a bond, or the payee of a note, of the payment of interest or part of the principal of a bond or note, made at a time when it was against his interest to make it, may be used as evidence by him to rebut the presumption of payment, or repel the bar of the statute of limitations, arising from the lapse of time. The doctrine on this subject is traced, by all elementary writers, to the case of
 
 Searle
 
 v.
 
 Lord Barrington,
 
 which is to be found reported in 2 Stra. 826; 8 Mod. Rep. 278; 2 Ed. Raym. 1370, and 3 Bro. Par. Cas. 593. It was an action on a bond, and the defendant pleaded
 
 solvit ad diem,
 
 and relied on the presumption arising from the lapse of twenty-eight years, from the date of the bond, in support of
 
 *139
 
 his plea. To repel this presumption, the plaintiff offered in evidence two endorsements of the payment of interest on the bond, one of which was within twenty years, and this evidence, after argument, was held to be admissible. The case is said to have undergone much discussion, and the judgment, in it, was finally affirmed in the House of Lords. This case has been oftentimes referred to in subsequent cases, and the principle, dedncible from it, has been approved or doubted, according to the view which the Judges who alluded to it took of the facts, (which are somewhat differently stated by the different reporters,) upon which it is supposed to have been decided. See Stark, on Ev. 306, and note 3, to that page. An able review of it may be found in the opinion delivered for the Court-, by Spencer, C. J., in
 
 Roseboom
 
 v. Billington, 17 John. Rep. 184. His conclusion, upon a full consideration of the subject, discussed in that and other similar cases, expresses what we conceive to be both the general rule and the exception to it. “ An endorsement, therefore, on a bond or note, made by the obligee or promisee, without the privity of the debtor, cannot be admitted as evidence of payment in favor of the party making such endorsement, unless it be shown that it was made at a time when its operation would be against the interest of the party making it. If such proof be given, it would be good evidence for the consideration of the jury,” that is, to repel the presumption of payment arising from lapse of time, or to remore the bar of the statute of limitations. Iff the case before us, such-evidence was given. The obligee died several years before the presumption had arisen, and the entry of the payment on the back of the bond was found to be in his hand-writing. It must, of necessity, then, have been made when it was against his interest, and at a time when we cannot imagine a motive for making a false entry. It is the ordinary course of business for obligees to make such endorse1-ments, and as they furnish evidence against the obligees at the time when they are made, they ought to be admitted1 as evidence for them when it1 becomes necessary, and when it appears,, from other, evidence, that it is morally certain that
 
 *140
 
 they speak the truth, both as to the fact of the payment, and the date when it was made.
 

 Iiis Honor was right in ordering the nonsuit, in the Court below, upon the authority of the decision in this Court, but as we think that we erred in making that decision, we now feel it our duty to correct it, by directing the judgment of nonsuit to be reversed, and ordering judgment .to be entered for the plaintiff upon the verdict, according to the agreement of the ¡parties.
 

 Per Curiam, Judgment reversed, and judgment for the plaintiff.