R. F. LEWIS v. T. D. McDOWELL and others.

*Vendor and Vendee—Equitable Claim—Statute of Limitations and Presumptions—Pleading—Execution Sale—Title—Compensation for loss at judicial sale.*

1. Where, under a contract of purchase, the vendor or his assignee seeks, in an action against the vendee or his assignee, to subject the land to the payment of the price, *it was held,* that the action is to enforce an equity in the vendor—not the payment of a debt or money demand—and the statutory bar does not apply. Distinction between statute of limitations and presumptions.

2. In such case, the land is charged with a lien for the unpaid purchase money, and the vendor's equitable claim cannot be defeated by a sale under execution of the vendee's interest and a seven year's possession thereunder by the purchaser.

3. The act of 1879, ch. 217, which requires the plaintiff, in an action to recover a debt for the purchase of land, to allege that the consideration therof is the purchase money, does not apply to this case.

4. Nor is a survey of the land or allegation of demand on defendant to comply with contract, necessary.

5. One who buys at execution sale gets the mere legal title of the defendant in the execution, and is not entitled to be re-imbursed if he suffer loss by reason of a defective title. The right to compensaton for such loss is where the purchaser buys at a judicial sale of property not belonging to the debtor, as provided in Bat. Rev., ch. 44, § 26.

(*Murphy* v. *McNeill*, 82 N. C., 221, cited and approved).

CIVIL ACTION tried at Spring Term, 1882, of BLADEN Superior Court, before *Shipp, J.*

The defendants appealed.

*Messrs. Rowland & McLean,* for plaintiff.
No counsel for defendants.

SMITH, C. J. David Lewis, on December 21st, 1859, contracted in writing with the defendant, J. W. Lesesne, to sell and convey to him the land described in the complaint at the price of $20 per acre, it being then supposed to contain forty acres, but upon a survey afterwards ascertained to contain an acre more. The vendee paid $600 of the purchase money, and was let into possession.

On February 16th, 1867, Lesesne being largely indebted, conveyed his equitable estate, with other lands, to a trustee, to secure and provide for his debts, among which was one due the defendant, T. D. McDowell.

In March, 1869, the trustee, under the authority given him, sold the said equitable estate to one John A. McDowell, and the latter four months thereafter conveyed the same to the said T. D. McDowell, who at once entered into possession, and has since held and used the land as his own, having, at the time of his purchase, full knowledge of the estate he was acquiring, and of the lien attaching to the land for the unpaid purchase money due the vendor, David Lewis.

On August 5th, 1869, by virtue of an execution issued against

David Lewis, the sheriff, to whom it was directed, after advertisement, sold and conveyed his legal estate in the land to the said T. D. McDowell for the sum of $120.

On August 23d, 1876, David Lewis conveyed all his interest and estate in the land, and assigned the residue of the purchase money unpaid for a valuable consideration to the plaintiff, his son.

These are the material facts found by the court, acting by consent instead of a jury, and on which the plaintiff demands a sale of the land for the satisfaction of the said debt.

There are several objections taken to the relief asked, which His Honor, in stating his conclusions of law, proceeds to notice and remove. While there are no specific assignments of error in form, we suppose the appeal was intended to bring up and present for examination the several rulings upon the sufficiency of these several defences to the action, and they will be accordingly considered. These defences are as follows:

1. The money demand of the plaintiff is barred by the statute of limitations.

2. The possession of the defendant, McDowell, under the sheriff's deed for more than seven years, perfects his title to the land and discharges his trust.

3. No deed is averred in the complaint to have been tendered, nor was any tendered before the bringing of the suit.

4. No survey or allegation of such, and no demand made on the defendant that he comply with the vendor's contract.

5. It is insisted further, that the sum bid and paid for the legal title at the sheriff's sale, and which has *pro tanto* paid a debt of the vendor, ought to be deducted from the remaining purchase money.

I. We concur with the court that this is not an action to enforce payment of a debt, but to enforce an equity in the vendor to subject the land to the payment of part of the price. Had the legal title remained in the vendor, as his security, it is plain there would be no statutory bar, and the owner of the equitable could only obtain the legal estate by discharging the debt.

The plaintiff's equity is not prejudiced by the defendant's acquirment of the naked legal title by a forced sale under process. *Murphy* v. *McNeill*, 82 N. C., 221.

It is true if the debt, separately existing, has been discharged, or is not recoverable from lapse of time, the relief could not be obtained, since the purpose of the mortgage or retained title is only a security for it.    But the debt is an equity adhering to the land, unbroken by successive conveyances, at least, if the party has notice, and if subject to any provisions of the statute of limitations, would fall under that of Revised Code, ch. 65, § 19, which raises a presumption of an abandonment of the right of redemption of mortgages and other equitable interests.    This presumption does not arise, since, leaving out the time during which the statute was suspended, ten years had not elapsed when the suit was instituted.

II.  We are unable to see the force of the objection or its pertinency, resting upon an occupancy of the land for seven years, under the sheriff's deed, before the suit was begun.    The legal title was put in the defendant by that conveyance, and it is not rendered more perfect ·by lapse of time.    It is held by him, charged with a lien for the unpaid purchase money, and his possession cannot be adversary to this equitable claim.    Besides, the defendant was let in possession under his purchase of the equitable estate, in this respect succeeding to that of the original vendee,·and these relations are not changed, from a permissive to a hostile occupation, by the mere act of taking a deed for the legal title.

III.  The provisions of the act of 1879, ch. 217, which requires the complaint in an action to recover a debt contracted in the purchase of land to contain an averment to this effect, has no application to the present case.    The title is already in the· defendant, and the tender of a deed from the plaintiff, who had none to convey, would be a useless and unmeaning act.

IV.  The want of a previous survey and allegation of demand cannot be necessary, when the defendant vigorously resists the

recovery or any relief in the premises. This dispenses with the averment if it were otherwise necessary. But this is in the nature of a bill in equity under the former system, and if the suit were unnecessary it would only involve a question of costs. But it is necessary, and the plaintiff's claim denied and opposed.

V. The last exception is to the refusal of the court to recognize the plaintiff's claim to have applied the sum paid to the sheriff, in reduction of the purchase money.

This exception must be overruled, for whatever advantage may have been expected by the defendant in acquiring what he knew was a mere legal title, and how little benefit has accrued to him thereby, he voluntarily chose to give that sum for what the sheriff was selling, and got what he bought. It does not fall within the operation of the act which gives the purchaser, at a judicial sale of property not belonging to the debtor and which is lost, a right to seek compensation for such loss from the debtor. Bat. Rev., ch. 44, § 26. The defendant obtains what he bought and pays the amount of his bid therefor. He has consequently no claim for re-imbursement on his debtor out of the fund now sought to be recovered, or other of his property.

We must, therefore, declare there is no error in the record, and affirm the several rulings of the court. Judgment would be entered here, but as further proceedings in the cause become necessary, which can be more conveniently conducted in the superior court, we remand the cause.

No error.                                    Affirmed.