R. F. OVERMAN et al. v. DAVID JACKSON.

*Executor and Administrator—"Lawful Representatives"— Vendor and Vendee—Mortgage—Statute Limitations—Powers*

1. B. contracted to sell J. land. In the agreement it was provided that title should be retained till purchase money was paid, when the land should be conveyed to vendee by the vendor "or his lawful representatives." It was also stipulated that, in default of payment, the vendor. "or his lawful representatives," might sell the land and apply the proceeds to the satisfaction of any sums due: *Held,* that the words "lawful representatives" meant the executors or administrators of the vendor, and conferred upon them not only the power to sell, but the power to convey.

2. While the relation of vendor and vendee is in many respects similar to that existing between mortgagor and mortgagee, the statute prescribing the time within which actions to foreclose must be brought does not. embrace actions arising out of executory contracts for sales of land.

3. In an action to recover possession by vendor against a vendee who enters under the contract, the only statute of limitation applicable is that of ten years (*The Code,* § 158), and it only begins to run

OVERMAN *v.* JACKSON.

when the possession of vendee becomes hostile by a refusal to surrender after demand and notice.

4. Although an action upon the debt secured by a mortgage may be barred by the lapse of time, the remedy appertaining to the security may be enforced.

This is a CIVIL ACTION, which was tried by *MacRae, J.,* a jury trial being waived, at Fall Term, 1888, of PERQUIMANS Superior Court

The following facts were agreed upon:

On the 20th day of March, 1871, George W. Brooks and David Jackson entered into an agreement, under seal, for the sale of the tract of land in the complaint mentioned, by the former to the latter, for the sum of three hundred and seventy-seven dollars and sixty-eight cents, whereof one hundred dollars was paid and the residue was to be paid—one hundred dollars on the first day of January next ensuing, a like sum one year thereafter, and seventy-seven dollars and sixty-eight cents on January __, 1874, which being done, title was to be made to the vendee and meanwhile be retained as a scurity for the deferred sums.

The instrument provides that upon full payment said Brooks, " or his lawful representatives, will and shall execute a deed in fee-simple conveying the lands described herein to said Jackson, or to such other person or in such way as the said Jackson may express his desire in writing."

It is further provided that, in case of default, "the said Brooks, or *his lawful representatives,* shall have the power to advertise said land and sell the same, after twenty days' notice, at Woodville, Perquimans County, for cash, and apply the proceeds to the discharge of the then subsisting indebtedness."

The two first installments have been paid, but the last has not been paid, and the defendant, let into possession at the date of and under the contract, has remained in occupation

ever since. The vendor died in 1882, having made a will in which he appoints his surviving wife sole executrix, who has caused the same to be proved, and qualified herself for the discharge of the assumed trusts.

On March 3, 1883, the executrix, according to the terms of the contract, sold the land at public sale to the plaintiff R. F. Overman, and has made him a deed therefor. The associated plaintiffs are the children of the vendor, and, at the beginning of the present suit, February 20, 1886, were of the several ages of thirty-five, twenty-eight, twenty-six, twenty-three, and twenty years.

A previous suit, instituted on March 5, 1883, by the plaintiff Overman alone, was prosecuted until Fall Term, 1885, of this Court, when it terminated in a non suit, and soon thereafter this action was begun. The replication to the answer, in express terms, says that the testator's will gives " his executrix power and authority to sell and dispose of any or such parts of his real estate as she deemed advisable," and that, by virtue of the contract and will, she had made sale of the premises; nor does this averment seem to have been controverted at the trial.

Besides other agreed facts, it was conceded that the matters in controversy were embraced in two questions, to-wit:

1. Whether the executrix of George W. Brooks had power to sell and convey the lands under the provisions of said contract.

2. Whether plaintiff's cause of action was barred by the statute of limitations.

Upon the first question stated, the presiding Judge was of the opinion that the executrix had full power to advertise and sell, and that this power carried with it the right to convey to the purchaser in default of payment of the purchase money; and upon the second question, he was of the opinion that the plaintiff's cause of action is not barred by

the statute of limitations, and thereupon gave judgment in favor of the plaintiff Overman for the possession of the land, and to declare him the owner thereof in fee-simple.

Defendant appealed.

*Mr. C. W. Grandy*, for the plaintiffs.
*Mr. R. H. Battle*, for the defendant.

SMITH, C. J. (after stating the case). If it be assumed that the testator has bestowed the power upon his executrix to sell and dispose of any part of his real estate, as the title to the disputed tracts remain vested in him as an abiding security for the entire purchase money, it devolved upon her to make it effectual by a sale of the land, and thus furnish the means of payment. This is indicated also in the contract itself, which authorizes the "*lawful representatives*" of the testator, who is the executrix, to act in case of his death, a provision carried into effect by the provision made in the will.

"The ordinary meaning of the words 'legal representatives,' remarks Chief Justice GRAY, in *Cox* v. *Currin*, 118 Mass., 198, "is executors and administrators, and we are of opinion that there is nothing in the terms of this indenture to induce the Court to attribute to the settler an intention that they should have any other meaning," as, in the contract, there is nothing to show the terms not to have been used in its usual and obvious sense. But if the title has not been effectively transferred by sale of the executrix, or the will has not made some other disposition, it has descended to the other plaintiffs, who can recover of the defendant in the absence of an obstructing statute, and thus no defence can avail the defendant, nor can he complain of the judgment against himself.

2. The remaining ruling—the supposed subject matter of review—as involved in the judgment (for there are no spe-

cific exceptions set out in the record), relates to the effect of the lapse of time upon the plaintiff's cause of action.

It is very manifest that if the relation of vendor and vendee, so assimilated to that of mortgagee and mortgagor in the essential rights and liabilities incident to each, be such as to render applicable subsections 3 and 4 of section 162, *The Code*, which limit the time in which suits to foreclose and redeem property conveyed by mortgage or deed in trust, to the present case, the action of the plaintiff Overman would not be barred, because ten years had not elapsed since the default before he commenced his suit.

But, as the relation of vendor and vendee is not within the words of the statute, though it possesses many features in common with that provided for in the statute, we do not feel at liberty to extend its terms and take in the case to which they do not apply. Proceedings to foreclose and redeem are thus limited and confined to *mortgages and deeds in trust*, and to these the time is restricted, and to none arising out of executory contracts of sale.

The only statute here applicable is that of section 158, *The Code*, which prescribes a ten-years limit for causes of action not specifically provided for in preceding sections. But to the application of this statute the obvious objection presents itself that it must be put in operation by an adverse holding, and hence the possession is that of a tenant holding under the owner, rendered hostile by no demand and refusal to surrender or resistance offered to the owner's re-entry. *Barker* v. *Banks*, 79 N. C., 480; *Allen* v. *Taylor*, 96 N. C., 37.

Equally without support is the suggestion that if the debt is barred, so must be the mortgage to secure it. These are essentially distinct as affected by the statute of limitations, as is held in *Capehart* v. *Dettrick*, 91 N. C., 344; *Long* v. *Miller*, 93 N. C., 227.

There is no error, and the judgment must be affirmed.

Affirmed.