## C. H. WILLIAMS v. JOHN D. KERR.

*Presumption—Probate—Lost Records—Secondary Evidence— Statute of Limitations—Possession of Mortgagor—Foreclosure Proceedings—Parties—Judge's Charge.*

1. The acknowledgment of a deed before a Justice of the Peace or Clerk of a county other than that in which the grantor resided or the land lay, was invalid and did not authorize probate and registration [*The Code*, § 1246 (1)], and this is not cured by the curative acts of 1891, chs. 12 and 102, and 1893, ch. 293, as to third parties who have acquired rights prior to the passage of such acts, but where the certificate of probate of a deed recites that the Justice of the Peace taking the same was a Justice of the Peace of a given county where the land lies, the presumption is that he *was* such, and that he took the acknowledgment within the county.

2. It is not necessary that a lost record should be supplied by an independent action, for upon satisfactory proof of loss secondary evidence is admissible on a trial where it becomes material to show their contents.

3. If, when a deed previously withheld from record is filed for registration, there is a suit pending affecting the land, the holder of such ˙deed is a purchaser *pendente lite*, and is bound by a decree in such suit as effectually as if a party to the action.

4. Subsequent incumbrancers, while proper parties to a suit for foreclosure of a mortage, are not *necessary* parties.

5. Payment on a bond secured by mortgage before it goes out of date, and within ten years before suit brought, will prevent the bar of the statute of limitations, and a purchaser of the land at a mortgage sale will not be barred.

6. A mortgagor in possession of land, holds under the mortgage, as also a purchaser from such mortgagor, provided he had notice of the mortgage, or if the mortgage was on record at the time of the purchase, and a seven-years holding by such mortgagor or his purchaser will not give title.

7. Where, in the trial of an action to recover land, it appeared that the defendant purchased the land from the mortgagor within less than a year before the mortgagee brought suit to foreclose the mortgage, the trial Judge correctly charged the jury that, if the defendant bought the land with actual knowledge of the mortgage, agreeing to˙ assume the debt. he would be in possession under the mortgage; and further, that he would not have had possession long enough to make his title good against the mortgagee, even if his possession was adverse and without notice.

This was a CIVIL ACTION for the recovery of real estate, tried before *Winston, J.*, and a jury, at February Term, 1892, of SAMPSON Superior Court.

Both plaintiff and defendant claim title to the *locus in quo* from one James S. Boone.

The plaintiff offered a deed of mortgage dated 20th September, 1876, duly registered, from said Boone and wife to M. E. Parker, wife of J. P. Parker.

Defendant objected to introduction of said deed, because it did not appear from the Clerk's commission that the person authorized to take the same was a Justice of the Peace, or a resident of the county, or that he took the acknowledgment in said county. Objection overruled. Exception.

The commission issued by the Clerk to " James Stringfield, Esq.," did not show that he was a Justice of the Peace of the county, but the certificate of probate signed by the Justice described himself as a Justice of the Peace of the county.

The plaintiff next proposed to show by the Clerk and other witnesses that the foreclosure papers in the case of *Edward Williams* v. *J. S. Boone and wife* had been lost and could not be found.

Defendant objected, because said lost records could not be supplied in this way, and could only be supplied by an independent action to restore the same. Overruled, and exception.

Plaintiff next offered Bizzell, the Clerk, and M. C. Richardson, the commissioner who sold the land and executed deed to the plaintiff, and also the attorney in said case, to-wit, Mr. Cooper, and the defendant in this case, J. D. Kerr, as witnesses, each of whom swore that he had made diligent search for the lost papers in their respective law offices, and also in the Clerk's office, and had been unable to find them, and that they were lost; that they had searched repeatedly.

The Court held that secondary evidence was now admissible, after objection and exception.

Plaintiff next offered the record in the foreclosure case.

Defendant objected to these records, because it appeared that suit was brought 19th September, 1889, and prior to that date the defendant had taken a deed from the mortgagor, and was in possession of the land, and also because he was not a party to the said suit. Overruled. Exception.

Page 256 of Summons Docket, *Edward Williams* v. *J. S. Boone and wife,* read in evidence, after objection and exception.

Deed from M. C. Richardson, commissioner, to plaintiff, dated 4th January, 1890, and duly registered, next read and put in evidence. Objection. Overruled, and exception.

It was proven that the defendant was in possession of the land in dispute, being the same described in the complaint, and also in the several deeds.

J. S. Boone, being put on the stand as a witness for plaintiff, stated that he made the last payment on the land and mortgage to M. E. Parker in December, 1879, the payment being $75 or $80; the bond was $400 at first; credit was entered on the back of note; was in possession of the land until he sold it to Newkirk in 1883; sold land to Newkirk with the understanding that he was to assume the Parker debt; J. D. Kerr now in possession, and has claimed it ever since C. H. Williams bought it.

M. C. Richardson sold the land. Kerr was present at the sale, and forbid the sale in presence of the plaintiff, who bought it.

Defendant offered deed from Boone to Newkirk, dated 14th August, 1883, registered 2d January, 1890, in Book 74, page 387; also deed from said Newkirk to defendant Kerr, dated 2d April, 1890, covering the land in dispute.

Plaintiff offered the answer to estop the defendant, and read the same as evidence.

It appeared in evidence that on April 12, 1890, a suit was brought by present plaintiff against present defendant to

recover the same land, but at October Term, 1891, a nonsuit was taken, and this action begun within a year.

Upon the issue of the statute of limitations, the Court charged the jury that if they believed that in December, 1879, Boone, the mortgagor, paid $75 on the bond, and that in September, 1889, within ten years, an action was begun to foreclose said mortgage; that the cause of action was not at said time barred by the ten-year statute of limitation; that the purchaser at such foreclosure sale was not at that time barred, if the debt was not out of date. Defendant excepted.

The Court also charged the jury that a mortgagor in possession of land held under his mortgage, as did also a purchaser from such mortgagor, provided he had notice of the mortgage, and that if the mortgage was registered at the time of the purchase, that was notice to the purchaser. That a seven-years holding by such mortgagor or purchaser would not give title. Defendant excepted.

Also, that if Newkirk had actual knowledge of the mortgage when he bought the land of Boone, and agreed to assume the Parker debt, and purchased with this understanding, he would be in possession under the mortgage. That the defendant, having bought of Newkirk in 1890, had not had possession of the land a sufficient length of time to make his title good against the mortgagee, even if it were adverse and without notice. Defendant excepted to this portion of the charge.

*Mr. W. R. Allen*, for plaintiff.
*Mr. J. D. Kerr*, for defendant (appellant).

CLARK, J.: It is true that if the mortgage was acknowledged before a Justice of the Peace not of the proper county [*The Code*, §§ 1245, 1246 (1)], the registration would be invalid. *De Courcy* v. *Barr*, 45 N. C., 181; *Todd* v. *Outlaw*, 79 N. C.,

235; *Duke* v. *Markham,* 105 N. C., 131, and cases cited; Devlin on Deeds, §§ 487, 488. It is also true, as contended, that the acts validating such irregular acknowledgments and probates (Acts 1891, chs. 12 and 102; Acts 1893, ch. 293), while good, probably, as between the parties, and as to third parties from the passage of the acts, would not validate such acknowledgments and probates as to third parties whose rights had already been acquired prior to the validating statutes. *Gordon* v. *Collett,* 107 N. C., 362. But here the probate recites that the Justice of the Peace taking the same was a Justice of the Peace of Sampson County, where the land lay, and the presumption is that he was a Justice of the Peace of said county and that he took the acknowledgment within the same, subject to proof of the contrary. *Kidd* v. *Venable,* 111 N. C., 535; *Darden* v. *Steamboat Co.,* 107 N. C., 437; *Devereux* v. *McMahon,* 102 N. C., 284.

*Exception 2.*—It was not necessary that the lost record should be supplied by an independent action. Upon satisfactory proof of loss, secondary evidence is admissible. *Mobley* v. *Watts,* 98 N. C., 284; *Hopper* v. *Justice,* 111 N. C., 418.

*Exception 3.*—The proof of loss was sufficient to justify the admission of secondary evidence of the lost records.

*Exception 4.*—This goes upon the ground that the defendant was not a party to the proceedings in foreclosure. The defendant's title was derived by conveyance from Newkirk, the assignee of the mortgagor, and the plaintiff had purchased at the foreclosure sale made under proceedings in which the mortgagee and the mortgagor were the parties. The foreclosure action was commenced on the 19th day of September, 1889, and the sale by the commissioner under the decree rendered therein was on the 4th day of January, 1890. The records are lost, and it will be presumed that the decree was rendered upon a complaint regularly filed, setting out the facts. The deed from the mortgagor (Boone) to Newkirk, though dated August, 1883, was not registered until the 2d

day of January, 1890, and the deed from Newkirk to the defendant Kerr, though dated 15th October, 1889, was not registered before April 2, 1890. In *Collingwood* v. *Brown*, 106 N. C., 366, the Court say: "If, at the time it (the deed) is so filed for record, there is a pending suit, the holder of such a deed, previously withheld from the record, is a *pendente lite* purchaser." And in that case it is held that such a purchaser is as effectually bound as if a party to the action.

It would be strange, indeed, if a party could take a deed pending litigation, and could hold the deed in his pocket, setting up no claim, and, after the litigation closes, could say he ought to have been made a party.

The defendants Kerr and Newkirk were not made parties because the records did not show that either had title or claim of title. Besides, subsequent incumbrancers are proper parties in a foreclosure proceeding, but not necessary parties. *Kornegay* v. *Steamboat Co.*, 107 N. C., 115.

Exceptions 5 and 6 are, it seems to us, simply exceptions out of "abundance of caution," and are without merit.

*Exception 7.*—If there was a payment on the mortgage bond within ten years before suit brought, the debt not being out of date, the purchaser at the foreclosure sale was not barred. *The Code*, § 152 (3); *Ely* v. *Bush*, 89 N. C., 358.

*Exception 8.*—The Court correctly charged the jury that "a mortgagor in possession of land held under his mortgage, as did also a purchaser from such mortgagor, provided he had notice of the mortgage, and if the mortgage was registered at the time of the purchase, that was a notice to the purchaser, and a seven-years holding by such mortgagor or purchaser would not give title." *Parker* v. *Banks*, 79 N. C., 480.

*Exception 9.*—The Court correctly stated the law in charging that "if the purchaser bought the land with actual knowledge of the mortgage, agreeing to assume the mortgage debt, he would be in possession under the mortgage, and the defendant having bought the land from the aforesaid purchaser

within less than a year before the suit was originally brought (this suit having begun within one year after a nonsuit taken in such original suit), the defendant would not have had possession of the land long enough to make his title good against the mortgagee, even if his possession were adverse and without notice." *Parker* v. *Banks, supra.*

No Error.