GEORGE E. WARD, Appellant, v. PHILIP HOAG, Respondent.

*Reception of incompetent evidence — how far its effect upon the trial court can be determined by an appellate court — rejection of competent evidence.*

The reception of illegal evidence is presumptively injurious to the party objecting to its admission, but where the presumption is repelled and it clearly appears on an examination of the whole record, beyond the possibility of rational doubt, that the result would have been the same if the objectionable proof had been rejected, the error furnishes no ground for reversal.

The converse of this proposition is not necessarily true, as an appellate court can only speculate as to what would have been the effect of the rejected evidence if it had been admitted.

APPEAL by the plaintiff, George E. Ward, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Dutchess on the 21st day of March, 1902, upon the decision of the court, rendered after a trial at the Dutchess County Special Term, dismissing the complaint upon the merits.

*E. D. Cumming*, for the appellant.

*Milton A. Fowler*, for the respondent.

WOODWARD, J. :

This action was brought to recover a balance alleged to be due upon a certain promissory note. The answer alleged payment and pleaded the Statute of Limitations. After hearing the evidence the learned trial justice dismissed the complaint upon the ground that the Statute of Limitations had run against the note. The plaintiff appeals.

It is practically admitted by the respondent that the learned court erred in not admitting in evidence certain indorsements made upon the note, and which were alleged to have been placed there in 1897, while the note was not open to the defense of the Statute of Limitations, but it is urged that the evidence, if admitted, would not necessarily have been controlling, and that the error should be disregarded here. It was said in *Mills* v. *Davis* (113 N. Y. 243, 248) that in such a case it was for the jury to say whether the payment was, in fact, made, and that they may inquire, among other things, "whether, upon the whole, the interest of the creditor may not be promoted rather than impaired by giving effect to the indorsement, and, if so, reject it altogether." But it seems to us that these things must be determined by the court or jury upon the evidence after it has been admitted, and as the learned court excluded this evidence, it must be assumed that in arriving at his conclusion that the Statute of Limitations was a bar, he did it without any reference to the evidence which had been excluded. We cannot say what would have been the conclusion reached if the evidence offered had been regarded as competent, and the plaintiff is entitled to a decision upon his case in the light of all of the evidence which may be brought to bear upon the issues presented by the pleadings. The rule is well established that "The reception of illegal evidence is presumptively injurious to the party objecting to its admission, but where the presumption is repelled and it clearly appears, on examination of the whole record, beyond the possibility of rational doubt, that the result would have been the same if the objectionable proof had been rejected, the error furnishes no ground for reversal." (*People* v. *Gonzalez*, 35 N. Y. 49, 59. See, also, *McGean* v. *Manhattan Ry. Co.*, 117 id. 219, 224, and authorities there cited; *Desbecker* v. *McFarline*, 42 App. Div. 455, 460; affd. on opinion below, 166 N. Y. 625.) But the converse of this proposition is not necessarily true,

for it is more difficult to judge of the effect of evidence which has been rejected and which is, therefore, unknown, than to reach a conclusion upon evidence which has been admitted and is spread out upon the record before us. For instance, if upon a trial before the court or a referee the court had made findings of fact, and there was competent evidence to support the findings as made, the court might properly disregard incompetent evidence of a cumulative nature, or as to matters which were outside of the scope of the findings, and if the findings were sufficient to support the judgment no harm could come from the erroneous admission of evidence. But where the conclusion is reached upon an exclusion of evidence there is no such basis of certainty. In the case now before us a witness interested in the success of the action testified that the indorsements which were excluded, and which were made within six years of the last previous indorsements which were in evidence, were made in 1897. If these indorsements had been in evidence, and the learned trial justice had been satisfied that the witness testified truly as to the time of the indorsements, and that they were made in good faith, upon the actual receipt of moneys applicable to such purpose, a finding that the Statute of Limitations had not run would be entirely proper. On the other hand, there may have been something in the language of the indorsements which would have destroyed the credibility of the witness and demonstrated that they were not, in fact, made at the time or under the circumstances alleged, when a contrary finding would have been fully in accord with the record. In other words, an appellate court may only speculate upon what would have been the result in the action before it if the competent evidence had been admitted, and under such circumstances it is not within the province of this court to say that a plaintiff has had a fair trial upon the merits, or that his rights may not have been prejudiced.

The judgment appealed from should be reversed and a new trial granted, costs to abide the event.

GOODRICH, P. J., BARTLETT, HIRSCHBERG and JENKS, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.