10373

MERCHANTS AND PLANTERS NATIONAL BANK OF UNION
v. HUNTER *ET AL.*

(102 S. E. 720.)

1. LIMITATION OF ACTIONS—ENTRY OF RECORD OF MERE EX PARTE CREDIT DOES NOT EXTEND PERIOD OF LIEN.—Where bond and mortgage were executed in 1895, act of assignee in entering on record of mortgage, in 1915, receipt in 1911 of payment of $5, did not extend lien of mortgage to 20 years from record, under Civ. Code 1912, sec. 3535, since note must be of payment, and not of *ex parte* credit which does not affect presumption of payment after 20 years.

2. EVIDENCE—SELF-SERVING DECLARATION OF PAYMENT ON MORTGAGE BY HOLDER NOT COMPETENT AGAINST MORTGAGOR.—Self-serving declaration of payment on mortgage by a holder, made at time of record entry of claimed credit, even if sworn to, would not have been competent evidence; the mortgagor being dead at time.

Before MAULDIN, J., Union, Spring term, 1918. Reversed.

Action by the Merchants and Planters National Bank of Union, S. C., against James E. Hunter and others. From judgment for plaintiff, the defendant, Norman Murphy Company, appeals.

*Mr. Jno. K. Hamblin,* for appellant, submits: *That in a transaction between husband and wife, in which the husband, or his estate, has obtained an advantage over the wife, the burden of proof is on the husband, or those representing his estate, to show the utmost fairness in the transaction, and that the wife was fully informed of what she was doing and of its effect:* 61 S. C. 501; 82 S. C. 206; 89 S. C. 2722; 85 S. C. 332-4; 70 S. C. 241. *The entry of the alleged payment of five dollars on the record in the clerk's office after the death of J. C. Hunter is a badge of fraud:* 89 S. C. 270. *It is a further badge of fraud to wait until the lien is about to expire before endorsement is made in the clerk's office:* A. & E. Enc. of Law, 2d Edition, XIXth vol., pp. 329-330; 2d McCord's Law, star page 418, regular page 249; 13 S. C. .L.; 2 Mill's Constitutional Law, star page 321, star page 418, regular page 249; 13 S. C. L.; 1 Rich. 391; 30 S. C. L. *The within acknowledgment as was recorded in the clerk's office is not such as the statute contemplates, in that nowhere is J. C. Hunter acknowledging the indebtedness:* 34 S. C. 490-1, also pp. 473-4-5; 71 S. C. 398-9. *It was incumbent upon the parties who obtained the advantage by virtue of the alleged payment to have proven that the money was actually paid:* 61 S. C. 136; 1 Rich. 391; 30 S. C. L. —; 71 S. C. 225; 2 Mills Constitution Law, star page 178, regular page 321; 13 S. C. L. —. *If the bond and mortgage were due on 22d of May, 1915, the statute of limitations has run:* 67 S. C. 306; 6 S. C. 400. *Upon the death of J. C. Hunter, his wife, Mrs. F. E. Hunter, became seized and possessed of one-third interest in fee in the land in*

*question, and the real estate mortgage, held by her, merged into her larger estate, to wit, her one-third interest in the fee in said land:* 67 S. C. 95; 24 S. C. 18; 26 S. C. 434; 27 S. C. 572-3; 57 S. C. 187. *J. E. Hunter, an heir at law of J. C. Hunter, deceased, has no interest in question until the debts of J. C. Hunter have been first paid:* Civil Code 1912, vol. I, sections 3632, 3637, 3638.

*Messrs. J. Gordon Hughes* and *J. A. Sawyer,* for respondents, submit: *That the clerk of Court will attest the entry of the note of payment on the record of the mortgage, and this was all the law required:* Civil Code 1912, vol. I, sec. 3535. *The proposed plan of merging a mortgage of premises into any interest that the holder might inherit from the mortgagor is a novel one, and in this instance would nullify a married woman's right to her separate property and estate guaranteed by the Constitution of 1895 in article XVII, sec. 9. The date of the bond and mortgage in issue is May 22, 1895, and the note or memorandum of payment, together with the date of payment, April 22, 1911, was entered on the record May 22, 1915, and attested by the clerk of Court, and this continued the lien of the mortgage for twenty years more from the date of the entry of the payment, said entry having been made within the required time:* Civil Code 1912, vol. I, section 3535; 28 A. & E. Ency. of Law, 2d Ed. 221, and notes, citing 9 La. 531; 54 Md. 454; 75 N. Y. 240; 54 Me. 454; 75 N. Y. 240; 15 Me. 64; 14 A. & E. Encyc. of Law, 2d Ed. 553, and notes, citing 120 Mars. ·90; 13 Me. 198; 1 Pick (Mass.) 485; 150 Mass. 158; A. & Encyc. of Law, 2d Ed., vol. XXVIII, pp. 210 and 221 (under title "Computation of Time;" 6 S. C. 390; 15 Ves. Jr. 248; Code of Procedure, sec. 445; 97 Ga. 798; 117 Ga. 722; 9 N. H. 304; 12 N. H. 52; 49 L. E. A. 193; 89 Texas 230; 10 Barb. 117; 150 Mass. 158; 40 Hun. 245; 13 Ohio C. C. 170; 74 Tex. 61; 47 N. J. L. 189; 13 Kan. 164; 2 Hilt. 404; 83 Ga. 333; 150 Mass. 158; 73 Mo. App. 458; 43 Conn. 56; 48

Vt. 201; 6 Atts. & S. 327; 23 Mich. 1; 95 Tenn. 322; 112 Mass. 27; 11 Ill. Ap. 158; 73 Pa. 137; 18 Wall. 112; 15 Me. 64; 126 La. 273; 139 Am. St. Rep. 511; 52 La. An. 936; 78 Am. St. Rep. 364; 6 S. C. 390; 1 Vail. L. 611; 2 Rich. L. 95; 2 Wall. 190; 17 Law Ed. 826. *Testifying to a signature is not testifying to a transaction, and section 435 of the Code of Civil Procedure does not touch this matter, and section 438 has not been violated.*

February 23, 1920.

The opinion of the Court was delivered by Mr. Justice Fraser.

The plaintiff brought this action to foreclose a mortgage. On the 22d of May, 1895, J. C. Hunter executed his bond. and mortgage to J. D. Smith for the sum of $1,000. Mrs. Smith assigned the bond and mortgage to Mrs. F. Elmira Hunter, and Mrs. Hunter to the plaintiff. J. C. Hunter died on the 22d day of November, 1915. The record in this Court shows the following entry on the record of the mortgage:

"Received on April 22, 1911, of J. C. Hunter, five dollars on within bond and mortgage. (Signed) Mrs. F. E. Hunter, Assignee. Receipt entered on record May 22, 1915. (Signed) I. Frank Peake, Clerk of Court."

Norman-Murphy Company, one of the defendants, a creditor of J. C. Hunter, set up the statute of limitations and claimed, among other things, that the lien of the mortgage has expired.

There are twenty-five exceptions; but, in the view that this Court takes of the case, only one question need be considered, and that is: Has the lien of the mortgage expired?

Section 3535, Code of Laws 1912, vol. I, provides: "No mortgage * * * shall constitute a lien upon any real estate after the lapse of twenty years from the date of the crea-

tion of the same: *Provided,* That if the holder of any such lien * * * cause to be recorded upon the record of such mortgage * * * a note of some payment on account, or some written acknowledgment of the debt secured thereby, with the date of such payment or acknowledgment, such mortgage * * * shall be, and continue to be, a lien for twenty years from the date of the record of any such payment on account or acknowledgment."

The question is: Has the lien of this mortgage expired? The note must be of a payment, and not of an *ex parte* credit.

A payment on a bond or note is an acknowledgment of the existence of the debt. There is a presumption of payment after the lapse of 20 years. In order to prevent the operation of this presumption, there must be an acknowledgment of the existence of the debt. In order to keep alive the lien of a mortgage, the mortgagor must do an act which keeps alive the lien or it expires. He may do that by written acknowledgment or by a payment which is in law an acknowledgment of the existence of the debt. It is not in the power of the holder of a mortgage to continue it in force for another 20 years by making a mere formal entry on the record. There is no competent evidence here that there has been any payment. The credit was nominal only. The only evidence of the payment is a self-serving declaration by the holder of the mortgage, made at the time of the entry on the record of the credit and that declaration not sworn to, and, even if it had been sworn to, would not have been competent evidence in any Court, because the mortgagor was at that time dead. There is no evidence to connect the mortgagor with the payment except the incompetent statement of the assignee, and no additional force is given to the statement from the fact that it is in writing. The lien of the mortgage has expired, and the exceptions that raise this question are sustained.

The appellant complains that the master and Circuit Judge have given the lien of J. E. Hunter a preference over the creditors of J. C. Hunter. The respondents, in argument, repudiate this construction of the report and decree, and it need not be considered. No other question arises in the case.

The judgment appealed from is reversed.