KATIE LEE DEMAI, ADMINISTRATRIX OF THE ESTATE OF JESSE B. LEE, SR., DECEASED, v. FLONNIE M. TART AND MRS. IONAH WILSON, EXECUTRIX OF JESSE F. WILSON, TRUSTEE, DECEASED.

(Filed 18 March, 1942.)

**1. Limitation of Actions § 12a—**

Notation of part payment entered on a note by the payee after the note has become barred by the statute of limitations is incompetent as a self-serving declaration; but such notation made prior to the bar of the statute is competent as a declaration against interest. However, entry of the date by the payee is no evidence that the notation was made prior to the bar of the statute, but such fact must be established by evidence *aliunde*, and in the absence of evidence *aliunde* it is insufficient as a matter of law.

**2. Same—**

Part payment operating to start the running of the statute of limitations anew against the right of action to foreclose a mortgage or deed of trust, C. S., 437 (3), is any payment on the debt secured by the instrument, and the action to foreclose is not barred within ten years from such payment notwithstanding that the part payment is applied to only one of the notes secured, resulting in the bar of the statute as to an action on the other note.

**3. Limitation of Actions § 1—**

Our statutes of limitation generally limit the time within which actions may be brought, and thus operate upon the remedy but do not destroy the right.

**4. Same—**

Trustor made part payment on one of the notes secured by the deed of trust, and an action to foreclose the deed of trust was instituted within ten years thereafter. *Held:* Although an action on the note not credited with part payment was barred, the debt evidenced thereby was not destroyed, and the proceeds of sale may be lawfully applied to the entire balance of the debt secured by the deed of trust, including that evidenced by the barred note.

APPEALS of plaintiff and defendant Flonnie M. Tart from *Grady, Emergency Judge,* at September-October Term, 1941, of HARNETT.

On 14 January, 1928, the defendant Tart executed to Jesse B. Lee, Sr., plaintiff's intestate, a deed of trust conveying the lands therein described in security for the payment of a debt of $2,000.00. The defendant at the same time executed to the plaintiff's intestate two promissory notes in the sum of $1,000.00 each, bearing interest from date, due respectively 13 April, 1928, and 15 December, 1928, which are recited in the deed of trust.

Alleging failure to pay the notes, and hence breach of the conditions of the trust, the plaintiff, administratrix of the mortgagee who had meantime died, brought this action to recover on the notes and foreclose the mortgage. Suit was instituted 6 March, 1941.

The defendants admitted the execution of the notes and mortgage, pleaded partial payment of the note due 13 April, 1928, and pleaded the statute of limitations on the note maturing 15 December, 1928.

The jury found with the defendants as to the note maturing 13 April, 1928, and no controversy respecting it is involved in the appeal.

On the note due 15 December, 1928, there appears the following entry of credit, in the handwriting of the now decedent payee: "Paid on this note $2.50 April 20, 1938."

Being of opinion that the endorsement was not sufficient, as there was no evidence *aliunde* to support it in any aspect, the judge gave the jury a peremptory instruction to find the issue relating to the bar of the statute in favor of defendants and denied recovery on the note. The form of the instruction is, *in hac vice,* immaterial. Upon instruction the jury found the action to foreclose the mortgage not barred by the statute of limitations. Judgment of foreclosure followed, with provision that the proceeds of sale be applied, as necessary, in satisfaction of the whole debt, including that evidenced by the $1,000.00 note barred by the statute. The amount due on this note, without application of the statute of limitations, was ascertained by the verdict.

The plaintiff appealed, assigning as error the instruction given to the jury to find that the note due 15 December, 1928, was barred by the statute, and refusal of recovery thereupon in the judgment, supporting these objections by formal exceptions to the instruction, to the refusal to set aside the verdict on the appropriate issue, and to the signing of the judgment which does not specifically decree recovery on the note.

Defendant Tart appealed, assigning as error the signing of the judgment authorizing the sale of the lands and the application of the proceeds to the barred note, or the debt evidenced thereby. The defendant remained in possession of the lands and was in such possession at the commencement of this action.

The appeals are more conveniently considered together.

*J. A. McLeod for plaintiff.*
*I. R. Williams for defendant.*

SEAWELL, J.   The appeals of plaintiff and defendant present two main questions: (a) whether the note due 15 December, 1928, was barred by the statute of limitations as a matter of judicial determination, and (b) whether, upon foreclosure of the deed of trust, the proceeds of the sale may be lawfully applied to the debt evidenced by the barred note.

(1) The first question depends upon the effect of the purported credit endorsement on the note maturing 15 December, 1928.

Much the greater weight of authority of decided cases is to the effect that a credit endorsement in the handwriting of the payee made upon a promissory note is competent in evidence of the fact of the payment when supported by evidence *aliunde* that the endorsement was actually made before the bar of the statute fell. Anno., 59 A. L. R., 905. This is put upon the ground that the credit, by reason of the fact that it diminishes the amount due upon the note, is in the nature of a declaration against interest.  *Goddard v. Williamson,* 72 Mo., 131; *Wilson v. Pope,* 37 Barb. (N. Y.), 321; *Williams v. Alexander,* 51 N. C., 137; *Addams v. Seitzinger,* 1 Watts & S. (N. Y.), 243. The holding is otherwise as to such an endorsement made after the bar of the statute has become complete, since the endorsement would be obviously in the category of a self-serving declaration.  *Smith v. Simms,* 9 Ga., 418; *Young v. Alford,* 118 N. C., 215, 23 S. E., 973; *Bond v. Wilson,* 129 N. C., 387, 40 S. E., 182; *Concklin v. Pearson,* 30 S. C. L. (1 Rich.), 391. Our own Court has long been committed to the majority view.  *Williams v. Alexander, supra; Woodhouse v. Simmons,* 73 N. C., 30; *Grant v. Burgwyn,* 84 N. C., 560; *White v. Beaman,* 85 N. C., 3; *Young v. Alford, supra; Bond v. Wilson, supra.* The fact that the entry itself bears date within the statutory period, without evidence *aliunde* that the endorsement was actually so made, is not accepted as evidence of the date of the endorsement.  *Goddard v. Williamson, supra; Grant v. Burgwyn, supra; Mills v. Davis,* 113 N. Y., 243, 21 N. E., 68.

The credit of a relatively insignificant amount on a large obligation, close to the time at which the bar of the statute would become complete, is looked upon with suspicion, *Chambers v. Walker,* 38 S. C. L. (4 Rich.), 548; *Merchants & P. Nat'l Bank v. Hunt,* 113 S. C., 394, 102 S. E., 720, and presents a circumstance which challenges the soundness of the ruling. But it is still within the range of minor tolerances which are often the price of a rule intended to be of general service.   Our courts, while agreeable to the admission of endorsements as evidence of payment, when supported by proper evidence *aliunde,* have not yet adopted the view that such evidence, when admitted, is given a presump-

tive effect in the sense that it is in law a *prima facie* establishment of the fact of payment; and the best considered cases in other jurisdictions regard it as a matter for the jury. *Brown v. Hutchings,* 14 Ark., 83; *Smith v. Simms, supra* (9 Ga., 418); *Wheeler v. Robinson,* 50 N. H., 303; *Ward v. Hoag,* 78 App. Div., 510, 79 N. Y. Supp., 706; *Mills v. Davis, supra* (113 N. Y., 243, 21 N. E., 68); *Young v. Alford, supra* (118 N. C., 215, 23 S. E., 973).

In the case at bar it is not necessary to pass upon the legal effect of the endorsement as evidence of payment, since there is in the record no evidence *aliunde* as to when the endorsement was made. The court below was therefore justified in holding as a matter of law that the note had been barred by the statute when the present action was instituted.

(2) Under C. S., 437 (3), an action for the foreclosure of a mortgage or deed of trust is barred unless begun "within ten years after the forfeiture of the mortgage, or after the power of sale became absolute, or within ten years after the last payment on the same." Of significance in the case at bar is the expression "within ten years after the last payment on the same."

It is admitted that on 21 March, 1931, a payment of $725.83 was made upon the note maturing 13 April, 1928, or at least within ten years from the maturity of the said note. Although this payment was allocated to one of the notes in a series of two evidencing the entire indebtedness, the language employed in the subsection above quoted— C. S., 437 (3)—must be held to refer to any payment on the debt secured by the deed of trust, without regard to its subdivision into notes suitable to the convenience or necessities of the parties. It is only when we seek the forum of enforcement that a distinction arises, and that relates to a distinction between causes of action rather than a difference in the nature of the secured debt.

Unlike the older statutes which created a rebuttable presumption of payment, our present statute limits the time within which actions may be brought and thus operates upon the remedy and not the right. The bar of the statute on a sealed promissory note—C. S., 437 (2)—is of that character, and while it takes away the forum for the enforcement of the note, it does not destroy the debt. See cases cited *infra*.

A mortgage or deed of trust which creates a lien upon lands and in effect sets them apart in a trust for the payment of a debt with suitable provisions for sale and application of the proceeds is a separable specific agreement and raises an obligation with respect to both the debt and the lands not comprehended in the promissory note given with respect to the same debt but is in addition thereto, and, in the absence of an agreement to the contrary, it is independently enforceable. *Capehart v. Dettrick,* 91 N. C., 344, 352; *Menzel v. Hinton,* 132 N. C., 660, 44 S. E.,

385. The equitable remedy of foreclosure and execution of the trust is still available, although the legal remedy of personal action on the note is barred. *Lewis v. McDowell,* 88 N. C., 261; *Capehart v. Dettrick, supra; Long v. Miller,* 93 N. C., 227; *Arrington v. Rowland,* 97 N. C., 127, 131, 1 S. E., 555; *Overman v. Jackson,* 104 N. C., 4, 8, 10 S. E., 87; *Woody v. Jones,* 113 N. C., 253, 18 S. E., 205; *Williams v. Kerr,* 113 N. C., 306, 18 S. E., 501; *Taylor v. Hunt,* 118 N. C., 168, 172, 24 S. E., 359; *Hedrick v. Byerly,* 119 N. C., 420, 25 S. E., 1020; *Menzel v. Hinton, supra; Jenkins v. Griffin,* 175 N. C., 184, 186, 95 S. E., 166. In *Menzel v. Hinton, supra,* the principle was applied to the power of sale, although action upon the mortgage might be barred. This resulted in the enactment of C. S., 2589, which prohibits the execution of the power of sale when a mortgage or deed of trust has become barred. *Spain v. Hines,* 214 N. C., 432, 434, 200 S. E., 25.

The exceptions disclose no error upon either the plaintiff's or the defendant's appeal.

No error.