PeaRSON, J.
 

 This is a contest between two sets of creditors, one the creditors of Ilanks and Blackwell, the other creditors of Blackwell. The debts of each are admitted to be true; so they are equally innocent, and the question is, upon which shall the loss fall ? The plaintiffs claim under a deed of trust executed by Ilanks to secure them ; the defendants (except Ilanks and John Blackwell) claim under a mortgage executed by Ilanks to Blackwell, and by him assigned to them prior to the execution of the deed of trust. The property is the same, and belonged to the firm of Ilanks and Blackwell.
 

 The plaintiffs put their equity on the ground that they are firm-creditors, and the property was firm effects, and it was a fraud on their rights for Blackwell, with the concurrence of Hanks, to withdraw these effects from the firm and apply them to the payment of his individual debts, as they well knew that the firm was no.t in a condition to meet its liabilities. They seek to have the mortgage put out of their way.
 

 Before entering upon the principle which we think governs this case, it is proper to dispose of two questions much discussed at the bar: Is a deed of trust, or a mortgage, made to secure an existing debt, a conveyance for valuable consideration ?
 

 It is a settled principle, acted
 
 upon every
 
 day, that the trustee, or mortgagee is a purchaser for a valuable consideration within the provisions of the 1.3th and 27th of Elizabeth ; but it would seem they take subject to any equity that attached to the property in the hands of the debtor, and cannot discharge themselves from it on the ground of being purchasers
 
 vdthout notice;
 
 in like manner asa purchaser at execution sale takes subject to any equity against the debtor, without
 
 *454
 
 reference to tbe question of notice. This distinction is a plain one, and reconciles the cases,
 
 Donaldson
 
 v.
 
 Bank of Cape Fear,
 
 1 Dev. Eq. 103,
 
 Harriss
 
 v.
 
 Horner,
 
 1 Dev. and Bat. Eq. 455,
 
 Holderby
 
 v.
 
 Blum,
 
 2 Dev. and Bat. Eq. 51, with the settled principle above stated. "We are not at liberty, however, to decide the question, as both parties stand on the same footing with regard to it; so the case does not present it.
 

 It was insisted that the bill could not be sustained, because the plaintiffs had not reduced their debts to judgments. That is only required when a creditor,
 
 as such,
 
 seeks to have an equitable
 
 fi. fa.,
 
 on the ground, that the property cannot be reached by a
 
 fi. fa.
 
 at law, or because it is necessary to have the rights of the debtor declared; and incumbrances removed, so as to make it bring a fair price. The plaintiffs do not sue in the character of creditors, but of
 
 subsequent purchasers,
 
 and their debts being admitted to be true, constitute a valuable consideration, and possibly they could have reached the land under the 27th Elizabeth, if it had remained in the hands of John Blackwell; but in respect to the steam-boat, which is personal property, the case of
 
 Grimsley
 
 v.
 
 Hooker, 8
 
 Jones’ Eq. 4, may have been in the way even as against him, for they claim under Hanks, the alleged fraudulent donor, and the property (as the 27th Eliz. has no application,) can only bo reached by a title paramount to that of the fraudulent donee.
 

 There is a broad ground upon which the plaintiff must fail; If a partner conveys the effects of the firm to secure his individual debts without the concurrence of the other partner,, only his interest passes ; that is, his share of the surplus after the debts of the firm are paid and the business closed;
 
 Hanff
 
 v.
 
 Howard,
 
 ante 440, decided at this term. But if' the conveyance be made with the concurrence of the other partner, the property passes, and it is binding upon the firm creditors, for they had no lien on the firm effects, and can only work out an equity to subject the firm effects to the payment of the firm debts, under and through the other partner, which is precluded by his concurrence;
 
 Clement
 
 v.
 
 Foster,
 
 3 Ire. Eq. 213;
 
 *455
 

 Hassell
 
 v.
 
 Griffin, 2 Jones’
 
 Eq. 117;
 
 Rankin
 
 v.
 
 Jones,
 
 Ibid. 169.
 

 In our ease, Hanks agreed that Blackwell should appropriate tlio firm effects to the payment of his (Blackwell’s) individual creditors, to the amount of $20,000, the sum set out in the mortgage. It is said that he did so because he had used effects of the firm to that amount for his own private purposes, and thought it fair that Blackwell should have the same amount. . Whether this be so or not, is a question between themselves. It is certain Hanks did concur and join in the conveyance that was made to secure the defendants. It is also certain, that they are
 
 bona fide
 
 creditors of Blackwell, and no imputation can be made of a want of
 
 bona fides,
 
 in respect to the manner in which they obtained the security. This being the case, it is immaterial what form the parties adopted in order to effectuate their purposes-; it might have been done by a mortgage executed both by Hanks and Blackwell ; or by a mortgage executed by Blackwell and concurred in by Hanks; or a mortgage executed by Hanks to Blackwell and by him assigned to the other defendants, which was the form adopted. 'All'that was essential, to give effect to the transfer, was the concurrence of Hanks, and
 
 bona fides on the
 
 part of the defendants, who are creditors of Blackwell. This made the conveyance valid against the creditors of the firm who had acquired no lien, and presents the ordinary case of a
 
 bona fide
 
 purchase for value from a fraudulent donee, and a subsequent
 
 bona fide
 
 purchase for value from the donor, in which case it is well settled, that the first purchaser holds against the subsequent purchaser, under the 27th Elizabeth. Bill dismissed with costs as to Hanks and John Blackwell.
 

 Pee CueiaM, Decree accordingly.