'Battle, J.
 

 In the argument, on the petition to re-hear the decree which was made in this cause at the last term, it is contended by the plaintiffs’ counsel, that the Court erred in the conclusion to which it came, and that such error will be shown by the establishment of the five following propositions :
 

 1. A mortgagee or assignee in trust, who takes a mortgage or assignment, without giving any new consideration, but simply as a security for a pre-existing debt, is not a purchaser for value, within the statute of 27th Elizabeth, (Rev. Code, ch. 50, sec. 2.)
 

 2. Such a mortgagee, or assignee, represents the creditor, whose debt is secured in the conveyance; his equity is derived from, and measured by, that of the creditor. In this case the plaintiffs represent the creditors, and possess the equities of creditors under the statute 13 Eliz. (Rev. Code, ch. 50, sec. 1.)
 

 3. A new and substantial consideration for the assignment, did move from the assignees (the plaintiffs) to Iianks, which constitutes them purchasers, for value, under 27th Elizabeth. They possess, therefore, the equities, both of creditors and of purchasers for value.
 

 4. There was no debt owing by Hanks to John Blackwell, and the mortgage being to secure a merely pretended debt, was fraudulent and void as to the plaintiffs.
 

 5. The assignees of J. Blackwell, the mortgagee, stand on no better footing than he did, and took his estate subject to all the equities which existed against it.
 

 
 *67
 
 The counsel for the defendants, admits that the plaintiffs, as the assignees of Hanks, are purchasers for value, under the statute of 27th Elizabeth, and that they also represent the creditors of Hanks; but he also insisists that a mortgagee, whether for a debt, newly created, or for a pre-existing one, is likewise a purchaser for a valuable consideration within the statute, and that the defendants, who claim as the assignees of the mortgagee, J. Blackwell, have a prior lien -upon the mortgaged property, which they are entitled to retain.
 

 The first disputed question then, is, whether a mortgagee, for a pre-existing debt, is a purchaser for value within the statute. It is not denied that he is so for a debt newly created ; Coote’s Law of Mortgage, 345, (68, Law Lib. 406); citing
 
 Chapman
 
 v. Emory, Cowp. 278;
 
 White
 
 v. Hussey, Prec. Ch. 13;
 
 Lister v.
 
 Turner, 5 Hare, 281. Whatever distinctions there may have formerly been supposed to exist between conveyances, either in trust, or bj^ way of mortgage, to secure these different classes of debt, it must, we think, be regarded as now exploded ; see
 
 Riddick
 
 v. Jones, 6 Ire. Rep. 109, and
 
 Ingram
 
 v.
 
 Kirkpatrick,
 
 6 Ire. Eq. Rep. 463. In the last mentioned case, the subject of deeds of trust, the consideration on which they are founded, and the purposes for which they are made, is very fully and ably discussed by the Court, and it was held, in opposition to some English cases, that where a deed has been executed, conveying property in trust, for the payment of debts, and the trustee accepted the same, the grantor has no right afterwards to vary the trusts; and any of the creditors secured, may compel the trustee to execute the trusts as declared, although they were not privy to the execution of the deed. The idea of the deed in trust’s being voluntary, in the sense of not being supported by a valuable consideration, is denied, and yet not the slightest intimation is thrown out, that debts therein secured, must be debts just then contracted. Indeed, if such were the case, nine-tenths of all the deeds of trust made in this State, would be deemed voluntary, and would be no protection to the creditor intended to be provided for as against executions in favor
 
 *68
 
 of other creditors,, or subsequent purchasers for value. That such is not the law, has been, as we believe, the almost universal impression among the members of the legal profession in this State, and if we were now to hold otherwise, we should unsettle the title
 
 to
 
 property,
 
 to
 
 an
 
 extent,
 
 almost incalculable, A deed in trust, executed
 
 Iona fide
 
 for the security of actual creditors, whether for debts, old or new, must then, in our opinion, be regarded as a conveyance, for value, under the statute 2'7'th Elizabeth; and a mortgage has always been considered as standing on the same footing as a deed in trust. The only remaining questions, upon which the counsel of the respective parties arc at issue, relate to the mortgage from the defendant Hanks to the defendant John Blackwell, and his assignment of it to his brothers, the other defendants. The counsel for the plaintiffs, insists that the mortgage was void, and that the assignees acquired no equities under the assignment of it. The argument is, that there was either a fraudulent contrivance between the partners Hanks and John Blackwell, to cheat the creditors of Hanks, or of the firm, or that there was, in fact, no debt due from Hanks to John Blackwell, to support the mortgage, and that the assignees of the mortgagee stood upon the same ground as he did, and took his estate subject to all the equities which existed against it.
 

 We
 
 are satisfied from the exhibits and proofs, that there was no actual intent on the part of Hanks and John Blackwell to defraud the creditors of the firm, and it is admitted by the plaintiffs, that the debts claimed to be due from John Blackwell to his brothers were
 
 bona fide,
 
 and justly owing at the time of the assignment of the mortgage to them. The question, then arises, did the creditors of the firm have such a lien upon the partnership effects at the time of the dissolution of the partnership as to prevent one of the partners from assigning them in payment of his individual debts. The case of
 
 Rankin
 
 v.
 
 Jones,
 
 2 Jones’ Eq. 169, decides expressly that the creditors of a partnership have no such lien, and in that case, where one of the members of a firm withdrew from it and assigned all the effects to the other partner, under an
 
 *69
 
 agreement, that such partner should pay ail the firm debts, ■and he conveyed all the partnership effects in payment of his ■own debts; it was held that the partnership creditors could ¡not follow these effects, to subject them to the payment of the firm debts. The same principle, though not decided, is strongly intimated in
 
 Holmes
 
 v. Hawes, 8 Ire. Eq. 21. Euffin, Chief Justice, in delivering the opinion of the Court, said, “ The principle of the bill is, that after the dissolution and division of the effects and debts between the partners, they still continued partnership property, or
 
 quasi
 
 partnership property, until the debts of the partnership were all paid. That might be questioned, even as between creditors of the firm, and the several partners, and those claiming under them, where the dissolution and division were
 
 bona fide
 
 — Ex
 
 parte Ruffin, 6 Ves.
 
 Jun. 10
 
 9; Clement
 
 v. Foster, 3 Ire. Eq. 213.
 

 It follows, as a necessary consequence, from this principle, that the mortgage from Hanks to John Blackwell, being made
 
 bona fide,
 
 and without any fraudulent intent, would have prevailed against the creditors of the firm, had the debt, which they supposed to be due from the former to the latter, turned out to be actually due. But assuming that, from the condition of the partnership and ¡die state of accounts between the partners, there was no debt, and that .the mortgage was to be regarded as a mere voluntary conveyance, still, as the assignees of the mortgage took it in payment of
 
 bona fide
 
 debts, without notice of the condition of the partnership, they are purchasers for value, and can hold against creditors of, and subsequent purchasers from, the mortgagor. In support of this position, it seems to us, that the case of
 
 Major
 
 v.
 
 Ward,
 
 5 Hare, 598, (26 English Ch. Rep. 597,) to which we were referred by the defendants’ counsel, is directly in point. There, a son took a conveyance of an estate from his father, and afterwards mortgaged it, for money borrowed, to a mortgagee, with a power of sale. The conveyance from the father to the son, was declared by a court of equity, to be void as to the creditors of the father, and yet, it was held that the mortgagee of the son, had a right paramount to the creditors of the fa
 
 *70
 
 ther, and consequently, could, convey a good title to a purchaser. The Yi-ce Chancellor, Sir James Wigram, in giving judgment, said, “The position of the parties is, in fact, somewhat anomalous. The creditors of William (the father) claim not under, but paramount to, Stephen (the son). There is no priority between William Beasley’s creditors and Stephen’s, and those who claim under Stephen. But the title of Major, (the mortgagee) who claims under Stephen, is paramount to-that of the creditors of William. The creditors of William, in such circumstances, may have a right to redeem, and a right te require Major to account for the proceeds of the sale, hut (not claiming under Stephen,) they have ne right to interfere with the power of sale vested in Major, and which, his contract with Stephen, gave him.” The only apparent difference between the case of
 
 Major
 
 v.
 
 Ward,
 
 and the one now before us is, that Major- became a mortgagee, a
 
 pro tanto
 
 purchaser,. for money advanced at the time, whereas, the defendants, Josiah, Robert and James Blackwell, became assignees of the defendant, John Blackwell’s mortgage from Hanks, to secure the payment of pre-existing debts. But we have seen-, that whether the debts secured were new or old, is now considered, at least in this State, as immaterial. Major ivas held to have acquired a good title from a person, who claimed under a conveyance which was decided to he void against the creditors of his grantor, and upon the same principle, Josiah, Robert and James Blackwell, must be held to have obtained a good title from John Blackwell, though his mortgage may have been void as to the creditors of Hanks, the mortgagor.
 

 This view7 of the case makes it unnecessary for ns to consider, whether the mortgage and assignment are to be considered as one conveyance from both the partners, of as successive conveyances, to wit, a mortgage from one partner to the other, and then an assignment by the latter. In form, there were, undoubtedly, tivo conveyances, but they have very much the appearance of being integral parts, only, of one and the same transaction. They were executed the same day,
 
 *71
 
 upon tlie same sheet or sheets of paper, before the same subscribing witness, and were afterwards proved and registered together. We cannot doubt that, whatever legal interest either partner had in the property, passed by these conveyances to the assignees of the mortgage ; and for the reasons, which we have already stated, wre believe that they acquired a title paramount to the right of the creditors of Planks, or of the firm of ITanks and Blackwell, and also paramount to the title of the plaintiffs, who became purchasers subsequently.
 

 There is no error in the decree, and the petition to rehear, must be dismissed.
 

 Per Curiam, Petition dismissed.