WALTON & WHANN COMPANY v. W. J. DAVIS, Trustee.

*Pledgee of Note Secured by Mortgage—Rights of, as against another similarly secured held by the mortgagee or his trustee—Assignment for Benefit of Creditors.*

R. & Co., holding a mortgage to secure a note and advances made and to be made, transferred the note before maturity to plaintiff as collateral security, and thereafter made an assignment to the defendant of all their property, including the mortgage, for the benefit of creditors.    The mortgagors delivered a part of the crop covered by the mortgage to the defendant, who converted the same into money: *Held* (1), that the defendant assignee in respect to such transaction succeeds only to the rights of R. & Co., his assignors; (2), that plaintiff, assignee of the note, is entitled to have the money applied on the note in preference to the account for advances.

CONTROVERSY submitted without action, under sections 567–569 of *The Code*, and heard before *Hoke, J.*, at Fall Term, 1893, of WILSON Superior Court, upon an agreed statement of facts substantially as follows:

On February 16, 1893, William Griffin and others executed to M. Rountree & Co. a mortgage whereby they conveyed to the latter, besides other property, the crops to be made during the year 1893 on certain lands therein described to secure said R. & Co. for advances to be made to the mortgagors to enable them to cultivate a crop upon said lands, and also to secure a note for $312.91 due R. & Co. from the mortgagors. Subsequently Rountree & Co. indorsed the note to the plaintiff as collateral security for certain indebtedness, and thereafter made a general assignment of their property, including accounts due them for advances, to the defendant for the benefit of creditors. After the assignment the Griffins delivered to the defendant Davis, assignee, certain cotton, part of the crops covered by the mortgage, which the said defendant converted into money and the proceeds of which he holds, claiming that he has the right to apply the same in part payment of the account due for advances. The plaintiff, on the contrary, claims that such proceeds should be applied to the credit of the note of $312.91.

His Honor held with the plaintiff, and the defendant appealed.

*Messrs. W. C. Munroe* and *J. F. Bruton*, for plaintiffs.
*Messrs. Woodard & Yarborough,* for defendant (appellant).

SHEPHERD, C. J.: We are entirely satisfied that the assignee, in respect to this transaction, succeeds only to the rights of M. Rountree & Co., his assignors, and that the case is to be determined by the same principles which would

be applicable if there had been no assignment. *Wallace* v. *Cohen*, 111 N. C., 103 ; *Southerland* v. *Freemont*, 107 N. C., 565 ; *Woodruff* v. *Bowles*, 104 N. C., 211. This being so, we are of the opinion that the doctrine laid down in *Whitehead* v. *Morrill*, 108 N. C., 65, is decisive of the question before us and fully sustains the ruling of the Court below. The mortgage executed by the Griffins secured the payment of a note of $312.91 due by them to M. Rountree & Co., and also advances to be made by the said firm. All of this indebtedness was payable on the first of November, 1893, but before this date the said M. Rountree & Co. indorsed the note to the plaintiffs, who for the purposes of this action must be regarded as purchasers for value. By reason of this indorsement the said M. Rountree & Co. became liable to the plaintiffs, and as the other indebtedness is still in their hands (or, what is the same thing, in the hands of their assignee) the case very plainly falls within the principle of *Whitehead* v. *Morrill, supra.* If it be conceded that the mortgage as to the advances is to be treated as an agricultural lien (*Townsend* v. *McKinnon*, 98 N. C., 103), and therefore entitled to priority as against the adverse liens of other persons, we do not see how this can militate against the conclusion we have reached. The amount of the advances thus secured was, like the note, due the said Rountree & Co., and as between them and the indorsers of the note its payment was, upon the principle of Whitehead's case (*supra*), postponed, and it is immaterial whether it was entitled to priority over the claims of third parties.

Affirmed.