A. M. CARPENTER v. B. L. DUKE et al.

(Filed 9 April, 1907).

**Lands — Note Under Seal — Registration — Purchase-price—Subsequent Mortgage.**—A note under seal, reciting that it was given for the balance of the purchase-price of certain land, executed and registered, does not attach to the legal title a trust for its payment or constitute a lien thereon. A judgment on the note, rendered after the execution and registration of a second mortgage by the same person to secure a different debt, cannot constitute a lien prior to that of the second mortgage.

CONTROVERSY WITHOUT ACTION, submitted to *Justice, J.,* at March Term, 1907, of the Superior Court of DURHAM County.

This is a controversy without action, submitted to the Court for decision upon the following agreed statement of facts:

The plaintiff Carpenter, on 27 April, 1906, sold his farm to defendant Edwards for $3,500, of which amount said Edwards paid $800 cash and executed a deed in trust to H. A. Foushee to secure the sum of $2,400. For the bal-

ance of $300 Edwards executed his bond under seal in the following words and figures, to-wit:

$300.                          DURHAM, N. C., 27 April, 1906.

On or before 6 November, 1906, with interest from 1 May, 1906, I promise to pay to the order of A. M. Carpenter three hundred dollars, for balance of purchase-money of the tract of land this day purchased by me of him, containing 95 acres, less 3.58 A. See deed from J. W. Barbee and wife in Deed Book 23, page 271, for description of same.

                          C. M. EDWARDS.   [SEAL].

Witness: J. E. OWENS.

Said instrument was on 30 April, 1906, probated and recorded in the office of the Register of Deeds of Durham County. The tract of land conveyed by Carpenter to Edwards is accurately described in the deed recorded in the office of said Register of Deeds. On 14 June, 1906, said Edwards, being indebted to B. L. Duke in the sum of $1,786.12, executed to him a deed in trust for the purpose of securing the payment thereof, conveying the same tract of land described in the deed from Carpenter to him. Said deed in trust was duly recorded in the office of the Register of Deeds of Durham County. Thereafter, the said H. A. Foushee, trustee, pursuant to the power conferred upon him by the aforesaid deed, sold the said land for the sum of $3,250 and, after paying the debt of $2,400 secured thereby, has, in his hands or to his credit in bank, from the proceeds of said sale, $647.03, which he is ready to pay to the parties who may be adjudged entitled thereto. The whole amount of the note of $300 is due and unpaid and no part of the debt to B. L. Duke, secured in the deed in trust to him, has been paid. Plaintiff claims that he is entitled to be paid, out of the amount in the hands of Mr. Foushee, the amount due on his note, while defendants, Duke and his trustee, J. A.

Giles, claim said sum by virtue of the deed in trust of 14 June, 1906. His Honor adjudged that defendant Foushee pay the plaintiff the note of $300, with interest, and the balance to J. A. Giles, trustee. Defendants Duke and Giles, trustee, appealed.

*Winston & Bryant* for plaintiff.
*Giles & Sykes* for defendant.

CONNOR, J., after stating the case: Plaintiff's counsel, in a well-considered and interesting argument before us, conceded that the equitable vendor's lien which prevails in England, unless changed by statute, and in several of the States of the Union, does not obtain in this State. *Womble v. Battle,* 38 N. C., 182. He contends, however, that the judgment rendered by his Honor is correct, "first, because Duke, so far as this transaction is concerned, stands in the shoes of the vendee Edwards, and takes subject to any equity, or other right, of the vendor in the land." We concur with the learned counsel that this Court has uniformly held, since the decision of *Potts v. Blackwell,* 56 N. C., 449, and 57 N. C., 58, that a grantee in a deed in trust, made to secure an existing debt, is a purchaser for a valuable consideration, within the provisions of 13th and 27th Eliz. (Revisal, 1905, secs. 960 and 961), but takes title subject to any equity, or other right, that attaches to the property in the hands of the debtor. It will be noted that in the opinion of *Pearson, J.,* in *Potts v. Blackwell,* 56 N. C., 449, the words "or other rights" are not found, nor do they appear in the opinions in *Small v. Small,* 74 N. C., 16; *Day v. Day,* 84 N. C., 408; *Brem v. Lockhart,* 93 N. C., 191, or *Southerland v. Fremont,* 107 N. C., 565. These last-named cases quote the exact language used in *Potts v. Blackwell, supra.* Our attention is directed to the language of *Shepherd, J.,* in *Wallace v.*

*Cohen,* 111 N. C., 103 (p. 107), "that such purchaser takes the property subject to any *equity or other right* that attached to the same in the hands of the debtor." It will be noted that in the case cited, the learned Justice was discussing the question upon the facts appearing in the record. The plaintiffs, vendors of personal property, were asserting the legal right to rescind the sale by reason of fraud practised upon them by the vendee in procuring the property. They were resisted by the assignee or trustee of the fraudulent vendee. The right to recover the property was not dependent upon the establishment of any equity, or equitable lien, but upon a well-defined *legal* right to treat the sale as void and sue in a possessory action for the property, as the plaintiffs, upon the theory that, by reason of the fraud, no title passed. *Wilson v. White,* 80 N. C., 281; *Des Farges v. Pugh,* 93 N. C., 35. In view of the facts before him, the learned and accurate Justice correctly used the words "equity or other right." See, also, *Walton v. Davis,* 114 N. C., 104. In *Brem v. Lockhart, supra,* the controversy was between the vendor in an unregistered, conditional sale and the assignee. In neither of these cases was there an assertion of any "equity," as that term is understood in equity jurisprudence. We do not perceive, however, that the plaintiff takes any benefit from enlarging the scope of the language used in *Potts v. Blackwell, supra.* Whether the vendor asserts an equity or right, such equity or right, to avail him as against the trustee or creditor secured, must "attach to the property in the hands of the debtor." It must be a right, either legal or equitable, to subject the property as distinguished from a mere right *in personam* to reach the property through the process of a judgment and execution.

It the view which we take of the record, the plaintiff has no equity in, or other right to, the land. Assuming, as con-

tended by counsel, that judgment be rendered in this controversy against Edwards on the note, we fail to see how he would have any other remedy than a right to enforce a judgment lien then attaching to the fund which, for this purpose, stands in the place of the land. Of course, such lien would be subject to the right which Duke acquired by the trust deed because, as said by *Ashe, J.,* in *Dail v. Freeman,* 92 N. C., 356, "a judgment lien on land constitutes no property or right in the land itself. A judgment creditor has no *jus in re* nor *jus ad rem* in the defendant's land, but a mere right to make his general lien effectual by following up the steps of the law, and consummating his judgment by an execution and sale of the land.". We do not, therefore, perceive how, for the purpose of disposing of this controversy, rendering a judgment herein against Edwards on the note would avail the plaintiff. Counsel cite *Blevins v. Barker,* 75 N. C., 436, as sustaining his contention. There the note given for the purchase-money contained the words: "The land I have sold to W. E. Senter is bound for this note." The Court said that if the note had been registered "at the same time with and as a part of the deed" such a construction might have been given to the whole transaction. That is, that the words used in the note would have been construed as an agreement to attach to the legal title a trust for the payment of the note which, between the parties, would have been effectuated in equity by treating the deed and the note as one paper, thereby giving effect to the intention of the parties, and that, as against a purchaser at execution sale, as in that case, or the grantee in a trust deed, would be binding as an equity attaching to the legal title. This, when registered, would have been equally effective against any purchaser for value, upon the familiar principle that he who takes with notice of an equity takes subject to such equity. While the courts, to effectuate

the intention of the parties and protect rights, have given a liberal construction to language indicating an intention to make property security for the payment of the purchase-money, sometimes called equitable mortgages, we find no case in which the mere recital of the fact that the consideration of the note was the purchase-money of the property is given such effect. Am. and Eng. Enc. Law, 123. To give the language used here such effect would be to do violence to the evident intention of the parties, because the vendee, at the time of his purchase, executed a mortgage or trust deed to Mr. Foushee for $2,400 of the deferred payment of the purchase-money and, manifestly, for some reason not appearing, the vendor was willing to take chances on the balance of $300. The evident purpose of reciting the consideration was to fix the fact that the vendee was not entitled to claim a homestead as against the note. Const., Art. X, Revisal, sec. 468.

We conclude, therefore, that the plaintiff has no equity in, or right to, the land which can be asserted, either against the vendee Edwards or his grantee Duke or his assignee Giles. The interesting discussion, therefore, of plaintiff's counsel in regard to conflicting equities and their priorities, growing out of the fact that Edwards transferred to Duke only an equitable title, the legal title being in Foushee, cannot avail the plaintiff, because he has no equities or rights to be adjusted. Much of the learning in this branch of equity jurisprudence has become of little practical value because of our registration laws. A mortgage of an equitable interest, right or title, when recorded, is entitled to the same priority as a legal title.

In the view which we have taken of the case the registration of the note did not affect the rights of the parties. There was no contract to convey land entitled to registration.

Judges have frequently expressed a regret that the vendor of land who has, under a misapprehension of his rights, been unable to collect the purchase-money, especially when creditors, whose debts pre-existed the acquisition of the title by the debtor, have taken precedence; but, as said by *Ruffin, C. J.,* in *Womble v. Battle, supra,* the doctrine of the vendor's lien was unsuited to conditions in this State and produced much litigation and uncertainty. A sound public policy, adopted by the Legislature and enforced by the courts, demands that, for certainty of title and easy alienation of property, secret trusts, obscure equities and uncertain liens shall not prevail against titles acquired by deeds and perfected by public registration.

For the reasons set forth we hold that there is error in the judgment. The defendant Duke is entitled to the amount in the hands of Foushee, trustee, less the cost of this controversy, which he will pay out of the fund.

Reversed.