Prior to 1890, John R. Boyd was the owner in fee of a certain tract of land in Warren County, North Carolina.
In the year 1890, the said John R. Boyd executed and delivered to W. B. Boyd, trustee, a certain deed of trust to secure an indebtedness due Martin Hill and Company, and Martin Son and Company: in the sum of $959.68. The said J. R. Boyd was in continuous actual possession of the tract of land described in the aforesaid deed of trust, and in all of the deeds of trust herein referred to, from a time prior to 1890 up to and until the time of his death in the year 1932. Subsequent to 1890, the claimant, W. N. Boyd became the holder in due course of the notes evidencing the indebtedness above described. In the year 1902, a payment of one dollar was endorsed on one of the said notes. There has been no payment since 1902; the debt evidenced by said notes remains unpaid. In 1918 John R. Boyd executed and delivered to W. G. Coleman a deed of trust embracing the same lands above mentioned; to secure an indebtedness due Coleman Brothers Company in the sum of $1,375; Mrs. C. O. Phelps holds the notes secured by said deed of trust, which notes are placed as collateral to note for $1,000 due W. O. Bell. There remains due and unpaid on the latter obligation the sum of $2,385. The last credit appearing on the notes of J. R. Boyd to Coleman Brothers Company was placed thereon in the year 1929. Both of the above deeds of trust are registered in the office of the register of deeds for Warren County as follows: The W. B. Boyd deed of trust in Book 54, page 769; the Coleman deed of trust in Book 99, page 261. John R. Boyd executed and delivered to H. A. Boyd, trustee, a certain deed of trust, on 31 January, 1889, recorded in the Warren registry, in Book 54, page 15, to secure an indebtedness due E. H. Riggan in the sum of $340.39. Frank H. Gibbs, substituted trustee, sold the land conveyed *Page 313 
by the last mentioned deed of trust on 8 November, 1932, to one Mr. Wilson who paid the sum of $2,000 therefor which has been paid into the hands of the clerk of Superior Court. Mrs. C. O. Phelps, W. O. Bell and W. N. Boyd claim the said amount by virtue of the instruments above described.
Upon the foregoing facts the clerk of the Superior Court held that the claim of W. N. Boyd is barred by the statute of limitations and that W. O. Bell and Mrs. C. O. Phelps are the rightful owners of the fund, and on appeal Judge Daniels affirmed the judgment and ordered that the funds be paid to W. O. Bell and Mrs. Phelps as their respective interests may appear. W. N. Boyd excepted and appealed.
The appellant does not controvert the right of a junior mortgagee ordinarily to plead the statute against a senior mortgagee but he contends that the defense is not available here because not pleaded. Guthrie v.Bacon, 107 N.C. 337. Section 405 of the Consolidated Statutes applies to actions in which formal pleadings are filed. The present proceeding is in the nature of a controversy without action upon an agreed statement of facts for the distribution of a fund arising from the sale of real estate under a deed of trust. C. S., 2592, 2593. The rights of the parties are to be determined by the facts, and according to the facts the appellant's claim is clearly barred by the statute. C. S., 437, 2589. Judgment
Affirmed.