LENOIR COUNTY v. ALVIN OUTLAW, Trustee; E. W. PRICE, Adminis-
TRATOR OF THE ESTATE OF STEPHEN ROGERS; AND GEORGE B. LANE,
Trading as LANE'S FUNERAL HOME.

(Filed 10 November, 1954.)

**1. Mortgages § 37—**

The trustee or mortgagee must pay into the hands of the clerk of the Superior Court the surplus remaining after foreclosure in all cases where adverse claims to the funds are asserted, G.S. 45-21.31 (b) (4), and where the trustee pays such funds into the hands of the administrator of the deceased trustor, the trustee remains liable therefor until they are paid into the hands of the clerk as provided by law.

**2. Public Welfare § 7—**

There are two separate and distinct statutory methods by which a county may recover the aggregate amount paid as old age assistance to a recipient: One, a claim against the personalty of the estate, which must be filed within one year after the death of the recipient, and the other a general lien upon the recipient's real estate, attaching upon the filing of the statement therefor in the lien docket and its proper indexing. G.S. 108-30.1; G.S. 108-30.2.

**3. Same—**

The lien against the estate of a deceased recipient of old age benefits under the provisions of G.S. 308-30.1 may not be enforced by action in any event after the expiration of 10 years from the last day from which assistance was paid, and, even if it be conceded that no action to enforce such lien may be maintained after one year from the death of the recipient, such lien, properly filed, remains in force until satisfied, and attaches to the surplus realized upon foreclosure of a mortgage on the realty of the deceased recipient notwithstanding that foreclosure was had more than one year after his death.

4—241

**4. Mortgages § 37—**

There is no limit to the amount of funds that may be paid to the clerk of a Superior Court under the provisions of G.S. 45-21.31, the limitation of the amount payable to the clerk under the provisions of G.S. 28-68 not being applicable to the surplus realized upon the foreclosure of a mortgage or deed of trust.

**5. Mortgages § 37: Executors and Administrators §§ 5, 16—**

Where there are adverse claims against the surplus realized upon the foreclosure of a deed of trust after the death of the trustor, and a proceeding is instituted pursuant to G.S. 45-21.32 to determine who is entitled to such funds, it is the clerk and not the administrator who determines the priority of payments, although the administrator claiming the funds is a necessary party.

APPEAL by petitioner from *Williams, J.,* August Term, 1954, of LENOIR.

This is a special proceeding instituted on 4 August, 1954, pursuant to the provisions of G.S. 45-21.32, to determine the ownership of surplus funds that the petitioner alleges should have been paid into the office of the Clerk of the Superior Court of Lenoir County pursuant to the provisions contained in G.S. 45-21.31 (b), subsection (4).

This controversy arose in the following manner: Stephen Rogers, now deceased, was a recipient of old age assistance from the Department of Public Welfare of Lenoir County amounting to $180.00, by virtue of said decedent's application therefor under Chapter 108 of the General Statutes of North Carolina, and more particularly G.S. 108-30.1. Stephen Rogers died 26 March, 1952, and an investigation disclosed at the time of his death that he had no personal estate and no property of any kind except a small parcel of land encumbered by a deed of trust to Alvin Outlaw, trustee, recorded in Book 236, page 315, in the office of the Register of Deeds in Lenoir County. No person qualified as administrator of said decedent's estate and no will of said decedent was offered for probate; that the funeral expenses for said decedent amounted to approximately $400.00.

Further facts necessary to an understanding and disposition of this appeal are set out in the petition and other documents filed by the parties, and may be summarily stated as follows:

1. The petitioner, through its attorney, discussed petitioner's claim with Alvin Outlaw, trustee, and upon being advised that the trustee was going to foreclose the above deed of trust, petitioner's attorney requested said trustee to pay any surplus funds resulting from the sale of the property into the office of the Clerk of the Superior Court as provided by G.S. 45-21.31. The petitioner, through its attorney, was advised by the trustee that such surplus funds would be paid into the office of said Clerk upon the filing of his final account.

2. The trustee filed his final account on 15 July, 1954, showing a surplus over that required to satisfy the indebtedness secured by the said deed of trust, the cost of foreclosure, etc., of $572.73.

4. The petitioner thereupon filed a petition before the Clerk of the Superior Court entitled "In the matter of Stephen Rogers, deceased." In this petition, the petitioner alleged that the above funds, as it was informed and believes, would be paid into the office of the Clerk, and set out the facts giving rise to its claim and prayed for reimbursement for the amount of old age assistance it had paid the deceased. The petitioner likewise, upon information and belief, alleged that there was an amount due by the estate for funeral expenses which was not in excess of $400.00, and that there were no other debts against the estate.

5. According to the allegations in the petition in this proceeding, the trustee, instead of paying the surplus funds into the office of the Clerk of the Superior Court as he had promised to do, notwithstanding the fact that he had actual and constructive notice of the adverse claim of petitioner, procured the appointment of E. W. Price as administrator of the estate of Stephen Rogers, deceased, and paid the surplus funds to him as such administrator.

6. The administrator, based upon information contained in the petition before the Clerk of the Superior Court, forthwith filed with said Clerk a written rejection of the claim of petitioner.

7. Petitioner in the present proceeding prayed for an order requiring the said E. W. Price, administrator, to pay said surplus of $572.73, paid over to him by Alvin Outlaw, trustee, into the office of the Clerk of the Superior Court to be impounded in said office until the rights of the parties to this proceeding can be determined, and also prayed for a restraining order to restrain and enjoin said administrator from disbursing the said funds or permitting them to become liable for any costs or expenses pending the determination of the rights of the parties herein. Such restraining order was obtained on 4 August, 1954.

8. The respondent, E. W. Price, administrator, demurred to the petition on the grounds that it did not state facts sufficient to constitute a cause of action; that the petition had a misjoinder of causes of action, and that there was a defect of parties defendant.

When this matter came on for hearing, the court held the petitioner was not entitled to a lien upon the funds paid to E. W. Price, administrator, by Alvin Outlaw, trustee, and sustained the demurrer, dissolved the restraining order and dismissed the proceeding at the cost of the petitioner. Petitioner appeals, assigning error.

*Thomas J. White for petitioner.*
*E. W. Price for respondent.*

DENNY, J.   The real questions to be determined on this appeal could have been disposed of expeditiously and without needless complication if the trustee had paid the surplus funds to the Clerk of the Superior Court of Lenoir County in accordance with the provisions of G.S. 45-21.31. *In re Gibbs,* 205 N.C. 312, 171 S.E. 55.   This statute is explicit in its provisions as to how surplus funds should be disposed of by a trustee or mortgagee.   And subsection (b) thereof expressly provides that the. "... surplus shall be paid to the clerk of the superior court of the county where the sale was had— ... (4) In all cases where adverse claims thereto are asserted."   This statute was enacted in order to provide a remedy in situations identical with that now before us.   *In re Gibbs, supra; Chemical Co. v. Brock,* 198 N.C. 342, 151 S.E. 869.

The petitioner claims a lien on the surplus funds in controversy, under and by virtue of the provisions contained in G.S. 108-30.1, the pertinent parts of which read as follows: "There is hereby created a general lien, enforceable as hereinafter provided, upon the real property of any person who is receiving or who has received old age assistance, to the extent of the total amount of such assistance paid to such recipient from and after October 1, 1951.   Before any application for old age assistance is approved under the provisions of this article, the applicant shall agree that all such assistance paid to him shall constitute a claim against him and against his estate, enforceable according to law by any county paying all or part of such assistance. . . .   The statement shall be filed in the regular lien docket, . . . and same shall be indexed in the name of the lienee in the defendants', or reverse alphabetical, side of the cross-index to civil judgments; in said index, the county shall appear as plaintiff, or lienor; . . . From the time of filing, such statement shall be and constitute due notice of a lien against the real property then owned or thereafter acquired by the recipient and lying in such county to the extent of the total amount of old age assistance paid to such recipient from and after October 1, 1951.   The lien thus established shall take priority over all other liens subsequently acquired and shall continue from the date of filing until satisfied: Provided, that no action to enforce such lien may be brought more than ten years from the last day for which assistance is paid nor more than one year after the death of any recipient . . ."

The above statute includes two separate and distinct methods by which a county may recover the aggregate amount paid as old age assistance to a recipient.   Under the agreement executed by the applicant, the assistance payments to him "shall constitute a claim against him and against his estate enforceable according to law by any county for all or part of such assistance."   The claim rising under this provision of the statute is for the purpose of reaching assets of recipients other than real estate. Such claim is to be filed "within one year after the death of any person

who has received old age assistance, reimbursement for which. has not been made . . . The claim shall be for the total amount of old age assistance paid to or for the benefit of such recipient from and after October 1, 1951, by or through the state and the several counties thereof; and such claim shall have equal priority in order of payment with the Sixth class under section 28-105 of the General Statutes . . ." G.S. 108-30.2.

Since Stephen Rogers, deceased, the recipient of the old age assistance, left no personal estate, we are not concerned with this type of claim in the present proceeding. However, we wish to say in passing that in our opinion the last cited statute should be amended so as to provide for the proof of this class of claims in the same manner as now required by law for proving claims against executors, administrators, and collectors.

The other method for obtaining reimbursement for old age assistance payments is bottomed on the general lien on the recipient's real estate. The demurrer admits the existence of the petitioner's lien as authorized by the statute. However, the respondent appellee challenges the validity of the lien because no action to enforce it was instituted within one year of the recipient's death. If it be conceded that no action to enforce such lien may be maintained after the expiration of one year from the death of a recipient of old age assistance, we do not concede that the petitioner herein is barred from having its claim satisfied to the extent funds may be available out of the surplus realized from the sale of the recipient's real estate. When the petitioner ascertained that the party who held a deed of trust on the property, securing an indebtedness, which constituted a first lien on the property, intended to foreclose thereunder, it became unnecessary for the petitioner to institute foreclosure proceedings based on its lien. Even so, when the petitioner filed its lien and had it indexed and cross-indexed to civil judgments, as required by the statute, the general lien thus established took priority over all other liens subsequently acquired and such lien will continue until satisfied. No action to enforce such lien, however, in any event may be maintained after the expiration of ten years from the last day for which assistance was paid. The statute so provides.

In light of the provisions contained in G.S. 108-30.1, we hold that the petitioner's lien from its filing became effective and superior to all other liens subsequently acquired for the amount of assistance paid to the recipient from time to time to the same extent that a judgment becomes a general lien on the date it is docketed. Consequently, when the recipient's property was foreclosed, the petitioner's lien was transferred to the surplus funds realized from the sale just as the lien of any other junior encumbrancer would be under similar circumstances. *In re Gibbs, supra; Chemical Co. v. Brock, supra; Carpenter v. Duke,* 144 N.C. 291, 56 S.E. 938; *Staton v. Webb,* 137 N.C. 35, 49 S.E. 55. See also *Demai v. Tart,*

221 N.C. 106, 19 S.E. 2d 130; *Fraser v. Bean,* 96 N.C. 327, 2 S.E. 159, and *Long v. Miller,* 93 N.C. 227.

The contention of the respondent appellee that the sum of $572.73 is in excess of $500.00, the amount a clerk of the Superior Court is permitted to accept under the provisions of G.S. 28-68, is without merit. The provisions of G.S. 28-68 are applicable to a factual situation in no way related to that involved in this appeal. There is no limit on the amount of funds that may be paid to a clerk of the Superior Court pursuant to the provisions of G.S. 45-21.31. But, when a proceeding is instituted pursuant to the provisions of G.S. 45-21.32, to determine who is entitled to such funds, it is the clerk and not the administrator who determines the priority of payments. As a matter of course, when the administrator claims the funds, he is a necessary party to the proceeding.

The judgment of the court below is reversed to the end that E. W. Price, administrator of the estate of Stephen Rogers, deceased, be ordered and directed to pay to the Clerk of the Superior Court of Lenoir County, the entire surplus in the sum of $572.73, paid to him by Alvin Outlaw, trustee, and that the proceeding be remanded to the aforesaid Clerk for the purpose of entering judgment for the disbursement of said funds as follows: (1) For the payment of funeral expenses; (2) for the payment of the petitioner's claim, unless it is made to appear that there is a lien outstanding against said funds which is superior thereto; and (3) for the payment of the balance, if any, to the administrator of the deceased, provided no other valid claim or claims are asserted before the said Clerk.

The respondent Alvin Outlaw, trustee, by paying the above surplus funds to E. W. Price, administrator, instead of paying them to the Clerk of the Superior Court of Lenoir County, as required by G.S. 45-21.31, will remain liable therefor until such funds are paid to the said Clerk as provided by law. *Brown v. Jennings,* 188 N.C. 155, 124 S.E. 150. Therefore, let the respondents, Alvin Outlaw, trustee, and E. W. Price, administrator, pay the costs of this appeal, and the administrator any additional costs. G.S. 45-21.32 (d).

Reversed and remanded.