JOURNEYS INTERNATIONAL, INC., AND CONCRETE SERVICE CO. OF JACKSONVILLE, INC., T/B/A L. R. ARMSTRONG & SONS v. ROBERT HUGH CORBETT, TRUSTEE, AND SUPERIOR MACHINE SHOP, INC.

No. 815SC31

(Filed 7 July 1981)

**Courts § 6— special proceeding—no appeal from clerk—no jurisdiction in superior court**

> The superior court had no jurisdiction of a special proceeding brought by judgment creditors to determine the ownership of surplus funds remaining after a foreclosure sale where the matter was simply put on the calendar for hearing in the superior court and there was no appeal from an order of the clerk by an aggrieved party.

APPEAL by respondents from *Strickland, Judge.* Order entered 6 November 1980 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 3 June 1981.

This is a special proceeding brought pursuant to the provisions of G.S. 45-21.32. The petitioners alleged that Atlantic Manufacturing, Ltd. executed a note in the amount of $250,000.00 to the respondent Superior Machine Shop, Inc. secured by a deed of trust to respondent Robert Hugh Corbett, Trustee. The petitioners alleged further that they were judgment creditors of Atlantic Manufacturing Ltd.; that the respondent Robert Hugh Corbett foreclosed the real estate secured by the deed of trust, which property was sold for $325,505.49 to Superior Machine Shop, Inc.; that the trustee delivered the surplus from the sale to Superior Machine Shop rather than to the clerk of superior court as he was required to do under G.S. 45-21.31(b); and that petitioners were entitled to have been paid from the surplus resulting from the sale. Petitioners prayed that the clerk order the

respondents to deliver the surplus from the sale to the clerk for a determination of which parties are entitled to it.

The respondents moved to dismiss the proceeding under G.S. 1A-1, Rule 12(b)(1). The case was calendared for hearing before a judge of superior court. The respondents objected to the hearing by a judge before the matter was heard by the clerk. The matter was heard over the objection of the respondents, and their motion to dismiss was denied.

The respondents appealed.

*James A. MacDonald, for petitioner appellee Journeys International, Inc., and Elton G. Tucker, for petitioner appellee Concrete Service of Jacksonville, Inc.*

*James L. Nelson, for respondent appellant Robert Hugh Corbett, and Louis A. Burney, for respondent appellant Superior Machine Shop, Inc.*

WEBB, Judge.

The motion to dismiss deals with jurisdiction over property of the respondents and is appealable under G.S. 1-277(b).

The appellants assign error to the ruling by the superior court without an appeal from the clerk. We believe this assignment of error has merit. The appellees contend that by filing the motion to dismiss, an issue of fact was raised as to the ownership of the funds and for this reason the proceedings should have been transferred under G.S. 45-21.32(c) to the civil issue docket of the superior court for trial. The filing of a motion to dismiss under Rule 12(b)(1) does not raise an issue of fact. It challenges the jurisdiction of the court over the subject matter.

In *Redevelopment Comm. v. Grimes,* 277 N.C. 634, 178 S.E. 2d 345 (1971), our Supreme Court held that although a special proceeding was erroneously appealed to the superior court, the superior court could determine all matters before it. The Supreme Court said: "The clerk is but a part of the superior court, and when a proceeding before the clerk is brought before the judge in any manner, the superior court's jurisdiction is not derivative but it has jurisdiction to hear and determine all matters in controversy as if the case was originally before him." *Id.*

at 638, 178 S.E. 2d at 347. We do not believe *Redevelopment* governs this case. There was no appeal in the case sub judice and the record discloses that there was not a transfer of this proceeding. It was simply put on the calendar for hearing in the superior court. We believe we are bound by *Gravel Co. v. Taylor*, 269 N.C. 617, 153 S.E. 2d 19 (1967). In that case a superior court judge entered an order in a special proceeding. The Supreme Court held that the case was not properly before the superior court since the record did not show an appeal from the clerk of superior court. The Supreme Court said that G.S. 1-276, giving the power to the superior court judge to determine all matters in controversy when a special proceeding is transferred for any ground from the clerk, must be construed in *pari materia* with G.S. 1-272, which allows appeals from the clerk only by parties aggrieved.

We note that *Lenoir County v. Outlaw*, 241 N.C. 97, 84 S.E. 2d 330 (1954) is very close to being on all fours with the case sub judice so far as the propriety of determining the matter by special proceedings is concerned. In that case the plaintiff claimed a lien on property which was subject to a deed of trust. The trustee foreclosed the deed of trust and delivered the surplus to someone other than the clerk of superior court. Our Supreme Court held that a special proceeding pursuant to the provisions of G.S. 45-21.32 was a proper method to determine the ownership of the surplus funds.

For the reasons stated in this opinion, we reverse and remand so that the respondents' motion to dismiss may be heard by the clerk of superior court.

Reversed and remanded.

Chief Judge MORRIS and Judge WHICHARD concur.