L. C. LYNCH D/B/A STONE BY LYNCH, PETITIONER-APPELLANT V. PRICE HOMES, INC.;
GWC ROOFING COMPANY D/B/A GWC, INC.; MILLER REFRIGERATION; JAMES
D. SWORDS D/B/A SWORDS DRYWALL COMPANY; BARBEE CONCRETE, INC.;
CECIL DARREN BROOKS D/B/A TILE BY DESIGN; WILLIAM R. WHITESIDE, SR.;
DESIGN CENTERS INTERNATIONAL, LLC; WATSON WELDING COMPANY, INC.;
TILE COLLECTION, INC.; AND R. H. PAINTING COMPANY, INC., RESPONDENTS-
APPELLEES

No. COA02-586

(Filed 4 February 2003)

**Liens— materialman's—discharge— failure to timely file action**

   The trial court did not err by concluding that petitioner's
materialman's lien was discharged because he did not timely file
an action to enforce the lien where there was no prohibition
against an enforcement action and several other lien holders
began actions within the requisite period. Petitioner was there-
fore not entitled to any of the surplus funds remaining from fore-
closure of the property. N.C.G.S. § 44A-13.

   Appeal by petitioner from order entered 26 February 2002 by
Judge Robert P. Johnston in Superior Court, Mecklenburg County.
Heard in the Court of Appeals 9 January 2003.

   *James, McElroy & Diehl, P.A., by Richard B. Fennell, for
petitioner-appellant.*

   *Knox, Brotherton, Knox, & Godfrey, by Lisa C. Godfrey, for
respondent-appellee Tile Collection, Inc.*

   *Mitchell, Rallings & Tissue, PLLC, by James L. Fretwell, for
respondent-appellee William R. Whiteside Sr.*

   *Weaver, Bennett & Bland, P.A., by Roderick Ventura, for
respondent-appellee James D. Swords d/b/a Swords Drywall
Company.*

McGEE, Judge.

   Price Homes, Inc. (Price Homes) was the owner of real property
located at 11551 James Richard Drive, Charlotte, North Carolina (the
property). L.C. Lynch d/b/a Stone by Lynch (petitioner) is a sole pro-
prietor who owns and operates a stone masonry business. Petitioner
and Price Homes entered into a contract whereby petitioner would
provide labor and deliver materials to improve the property.

Petitioner first furnished materials on 15 September 2000. Petitioner last furnished materials to Price Homes on 24 November 2000. Petitioner filed a claim of lien for $55,359.00 on 28 December 2000 with the Clerk of Superior Court for Mecklenburg County. Central Carolina Bank & Trust Company (CCB) held a deed of trust on the property dated 1 May 2000. CCB foreclosed on its deed of trust and petitioner purchased the property at a foreclosure sale on 9 February 2001. After the proceeds were applied to satisfy CCB's deed of trust, a surplus of $30,218.97 was deposited with the Clerk of Superior Court for Mecklenburg County.

Petitioner filed a petition dated 24 May 2001 requesting that the trial court determine the priority of claims to the surplus funds. Five parties, being William R. Whiteside, Sr.; Tile Collection, Inc.; GWC Roofing Company d/b/a GWC, Inc.; Watson Welding Company, Inc.; and James D. Swords d/b/a Swords Drywall Company (collectively respondents), filed responses claiming entitlement to at least a portion of the surplus funds. All of the respondents except Watson Welding Company, Inc. had previously filed suit pursuant to N.C. Gen. Stat. § 44A-13(a) to enforce their liens within the 180-day period following the date each last provided labor or materials respectively. Petitioner never filed suit to enforce its lien.

Respondent James D. Swords filed his own petition on 20 November 2001, seeking disbursement of the surplus funds. The trial court entered an order on 26 February 2002, concluding, *inter alia*, that the claim by petitioner was discharged pursuant to N.C. Gen. Stat. § 44A-16 because a civil action was not filed by petitioner within 180 days of petitioner's last date of furnishing labor or materials, and therefore petitioner was not entitled to any of the surplus funds remaining from the foreclosure sale of the property. Petitioner appeals.

Petitioner argues that the trial court erred in its finding of fact and conclusion of law that petitioner was not entitled to a share of the surplus funds because he had not filed an action to foreclose his lien within 180 days of the last day he provided labor or materials to the property.

A petitioner holds a valid lien against property if: (1) petitioner furnished labor or materials to improve the property pursuant to a contract with the owner, and (2) petitioner has taken the steps necessary to perfect his lien under N.C. Gen. Stat. § 44A-8 (2001). *Embree Construction Group v. Rafcor, Inc.*, 330 N.C. 487, 492, 411 S.E.2d 916,

**LYNCH v. PRICE HOMES, INC.**

[156 N.C. App. 83 (2003)]

920-21 (1992); *Conner Co. v. Spanish Inns*, 294 N.C. 661, 667, 242 S.E.2d 785, 789 (1978).

It is undisputed that petitioner delivered materials beginning 15 September 2000 to Price Homes pursuant to contract, and that these materials were used to improve the property. Therefore petitioner satisfied the first requirement for a valid lien.

Petitioner also properly perfected his lien under North Carolina law. To perfect a materialman's lien, the claimant must file a claim of lien in the county where the real property is located within 120 days after the last furnishing of labor or materials to the site. N.C. Gen. Stat. § 44A-12 (2001). Petitioner last furnished materials to Price Homes on 24 November 2000. Petitioner filed a claim of lien for $55,359.00 on 28 December 2000 with the Clerk of Superior Court for Mecklenburg County. Therefore, petitioner satisfied the requirements of N.C.G.S. § 44A-12 and perfected his lien as of 28 December 2000.

However, in order to enforce a perfected lien, a lien claimant must commence an action within 180 days after the last furnishing of labor or materials. N.C. Gen. Stat. § 44A-13 (2001). Petitioner was therefore required to commence an action to enforce his lien within 180 days of 24 November 2000. If a lien claimant fails to do so, his lien will be discharged. N.C. Gen. Stat. § 44A-16(3) (2001). Petitioner never commenced such an action.

Our Supreme Court noted an exception to this 180-day requirement in *RDC, Inc. v. Brookleigh Builders*, 309 N.C. 182, 185, 305 S.E.2d 722, 724 (1983). In *RDC, Inc.*, the Court held that while "[t]he 180-day period is not a statute of limitations" and thus is "not tolled by [a] bankruptcy proceeding," where a lien claimant is prohibited from enforcing its lien by the automatic stay of bankruptcy proceedings which were abandoned following the expiration of the 180-day period, the lien claimant should not "be deprived of its lien for reasons beyond its control." *Id.*; *see also United Carolina Bank v. Rouse (In re Rouse)*, 1998 Bankr. LEXIS 281, *20 (Bankr. E.D.N.C. 1998) ("If the owner of the property has filed bankruptcy, the claimant may enforce its lien by filing a proof of claim with the bankruptcy court within the 180 day period.").

In the present case, petitioner was not prohibited from commencing an action within the 180-day period following its last provision of materials. There was no stay in effect to prevent petitioner

from commencing an action. Further, several lien holders commenced actions within the 180-day period following each of their last provision of labor or materials, even though CCB had already filed a foreclosure proceeding.

The surplus funds from a foreclosure sale stand in place of the encumbered property with regard to certain claims of lien filed pursuant to N.C.G.S. § 44A-12. *Merritt v. Edwards Ridge*, 323 N.C. 330, 335, 372 S.E.2d 559, 563 (1988) ("As a general rule, proceeds of a foreclosure sale are, constructively at least, real property and stand in place of the land."); *In re Castillian Apartments*, 281 N.C. 709, 711, 190 S.E.2d 161, 162 (1972); *see* N.C. Gen. Stat. § 44A-14(b) (2001) ("The rights of all parties shall be transferred to the proceeds of the sale."). Petitioner must meet the requirements of N.C.G.S. § 44A-13 to enforce a perfected lien on the surplus funds, in the same manner required to enforce a perfected lien against the property.

Petitioner argues that once foreclosure proceedings were begun, there was no need for him to commence a civil action to enforce his lien. Petitioner cites *Lenoir County v. Outlaw*, 241 N.C. 97, 84 S.E.2d 330 (1954) in support of this position. However, we find this case to be distinguishable in that it involved the recovery by a county of amounts paid as old age assistance to a deceased beneficiary. *Id.* In *Lenoir County*, the petitioner, a governmental entity, claimed a lien on surplus funds from a foreclosure sale pursuant to N.C. Gen. Stat. § 108-30.1 (repealed) which stated that:

"There is hereby created a general lien, enforceable as hereinafter provided, upon the real property of any person who is receiving or who has received old age assistance, to the extent of the total amount of such assistance paid to such recipient from and after October 1, 1951. Before any application for old age assistance is approved under the provisions of this article, the applicant shall agree that all such assistance paid to him shall constitute a claim against him and against his estate, enforceable according to law by any county paying all or part of such assistance. . . . The statement shall be filed in the regular lien docket, . . . and same shall be indexed in the name of the lienee in the defendants', or reverse alphabetical, side of the cross-index to civil judgments; in said index, the county shall appear as plaintiff, or lienor; . . . From the time of filing, such statement shall be and constitute due notice of a lien against the real property then owned or thereafter acquired by the recipient and lying in such county to the extent of

the total amount of old age assistance paid to such recipient from and after October 1, 1951. The lien thus established shall take priority over all other liens subsequently acquired and shall continue from the date of filing until satisfied: Provided, that no action to enforce such lien may be brought more than ten years from the last day for which assistance is paid nor more than one year after the death of any recipient."

*Id.* at 100, 84 S.E.2d at 332-33 (quoting N.C.G.S. § 108-30.1 (repealed)).

Under this statute, our Supreme Court determined that when the property in question was foreclosed upon by the holder of a deed of trust and surplus funds remained, the county's lien, resulting from old age assistance payments, remained in force without the county filing foreclosure proceedings on its own account. *Id.* at 101, 84 S.E.2d at 333-34. The Court held that the lien had priority over all other liens subsequently acquired. *Id.* However, the Court noted that "[n]o action to enforce such lien . . . in any event may be maintained after the expiration of ten years from the last day for which assistance was paid. The statute so provides." *Id.* at 101, 84 S.E.2d at 333.

There are differences between the statute involved in *Lenoir County* and North Carolina's materialman's lien statutes which distinguish *Lenoir County* from the present case. While no statute existed that required the discharge of a lien created pursuant to N.C.G.S. § 108-30.1 if not enforced within a certain time period, the materialman's lien statutes, pursuant to N.C. Gen. Stat. § 44A-16(3), expressly require that a lien be discharged for failure to enforce the lien within the time required by Article 44A. This time requirement is found in N.C.G.S. § 44A-13, which provides that no action to enforce a lien created under Article 44A "may be commenced later than 180 days after the last furnishing of labor or materials at the site of the improvement by the person claiming the lien." In addition, the lien in *Lenoir County* could continue in force for the ten-year period after the last provision of old age support payments by the county without the taking of any other action by the petitioner in that case. *See Lenoir County*, 241 N.C. at 100-01, 84 S.E.2d at 332-33. In the case of liens under Chapter 44A, a record lien will be discharged for a variety of reasons, including the failure to commence an enforcement action within 180 days. N.C.G.S. §§ 44A-13 and 16. Finally, the nature of the statute and the lien claimant in *Lenoir County* were quite different than the materialman's lien statutes and the private parties involved in the present case. We thus find that *Lenoir County* does not obviate

the need to follow the clear terms of N.C.G.S. §§ 44A-13 and 16(3) to enforce a valid claim of lien on surplus funds.

Chapter 44A contains a framework for predictably ascertaining the result when disputes arise. We decline to create an exception to the clear language of the statutes set forth in Chapter 44A. With no prohibition against commencement of an enforcement action, petitioner's failure to commence such an action within the time required by the materialman's lien statutes prevents him from enforcing his lien. The trial court did not err when it concluded that petitioner's lien had been discharged under N.C.G.S. § 44A-16. We affirm the order of the trial court.

Petitioner has failed to make an argument in support of his second and sixth assignments of error. Pursuant to N.C.R. App. P. 28(a), these assignments of error are deemed abandoned. *State v. Stanley*, 288 N.C. 19, 26, 215 S.E.2d 589, 593-94 (1975).

Affirmed.

Judges HUNTER and CALABRIA concur.